**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **RONALD KINGSLEY, as parent and Next friend of ZOE JEAN KINGSLEY, a minor, and on behalf of all beneficiaries of LISA KELLY, decedent, Plaintiff** | ) | |
| **V.** | ) | **C.A. NO: PC-03-1171** |
| **JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, d/b/a/ The Station, MANIC MUSIC MANAGEMENT, JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., MCLAUGHLIN AND MORAN, INC., LUNA TECH, INC., LUNA TECH PYROTECHNIK GmbH, AMERICAN FOAM CORPORATION, WHJY-FM, CLEAR CHANNEL COMMUNICATIONS, INC. and Does 1 through 100, Defendants** | ) | |

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of Lisa Kelly, decedent, pursuant to R.I. Gen. Laws §§ 10-7-3 and § 10-7-1.2, and hereby states and alleges as follows:

1. Plaintiff Ronald Kingsley is and at all times relevant was a resident of the Town of Tiverton, County of Newport, State of Rhode Island. Plaintiff Ronald Kingsley is the father and natural guardian of Zoe Jean Kingsley, a minor.

2. Zoe Jean Kingsley is the daughter of Lisa Kelly, decedent, 27 years old at the time of her death.

3. All other beneficiaries of Lisa Kelly, deceased, on whose behalf Plaintiff Ronald Kinsgley brings this action pursuant to R.I. Gen. Laws § 10-7-3, shall be determined, upon information and belief, under the laws of intestacy of the Commonwealth of Massachusetts.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 APR -9 A 7:44

4. At the time of the commencement of this action, no administrator or executor had been appointed for the estate of Lisa Kelly, deceased.

5. Defendant Jeffrey Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Narragansett, County of Washington, State of Rhode Island. Defendant Jeffrey Derderian is a part owner of Defendant DERCO and part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of Rhode Island.

6. Defendant Michael Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Saunderstown, County of Washington, State of Rhode Island. Defendant Michael Derderian is a part owner Defendant DERCO and a part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of Rhode Island.

7. Defendant DERCO is a corporation organized under the laws of the State of Rhode Island and has its principal place of business, at all times relevant, in the Town of West Warwick, County of Kent, State of Rhode Island. Defendant DERCO is a corporation owned by Defendants Jeffrey Derderian and Michael Derderian, whose principal business was the operation of the former Station nightclub in the Town of West Warwick, County of Kent, State of Rhode Island.

8. The Station nightclub was a "Class C" venue under the laws of the State of Rhode Island, and was musical venue that featured national and local rock and roll acts.

9. Defendant Manic Music Management is, upon information and belief, is a corporation or other business organization organized under the laws of the State of California. Defendant Paul Woolnough is the principal of Defendant Manic Music Management.

10. Defendant Jack Russell, upon information and belief, is a resident of the State of California. Defendant Jack Russell is the lead singer of the band Great White and was so on the night of February 20, 2003.

11. Defendant Mark Kendall, upon information and belief, is a resident of the State of California. Defendant Mark Kendall is a member of the band Great White and was so on the night of February 20, 2003.

12. Defendant David Filice, upon information and belief, is a resident of the State of California. Defendant David Filice is a member of the band Great White and was so on the night of February 20, 2003.

13. Defendant Eric Powers, upon information and belief, is a resident of the State of California. Defendant Eric Powers is a member of the band Great White and was so on the night of February 20, 2003.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

14. Defendant Daniel Bichele, upon information and belief, is a resident of the State of California. Defendant Daniel Bichele was the tour manager for the band Great White on the night of February 20, 2003.

15. Defendant Paul Woolnaugh, upon information and belief, is a resident of the State of California. Defendant Paul Woolnaugh is the principal of Defendant Manic Music Management and Defendant Knight Records, Inc.

16. Defendant Knight Records, Inc, upon information and belief, is a corporation organized under the laws of the State of California, whose principal of Defendant Paul Woolnough. Defendant Knight Records, Inc. is the record company of Great White.

17. Defendant Anheuser-Busch, Inc., upon information and belief, is a corporation organized under the laws of the State of Missouri and has its principal place of business in the City of St. Louis, State of Missouri. Defendant Anheuser-Busch, Inc. was a sponsor of the Great White concert at The Station on February 20, 2003.

18. Defendant McLaughlin & Moran, Inc. is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Cranston, County of Providence, State of Rhode Island. Defendant McLaughlin & Moran, Inc. was a sponsor of the Great White concert at The Station on February 20, 2003.

19. Defendant Luna Tech, Inc., upon information and belief, is a corporation organized under the laws of the State of Alabama and has its principal place of business in the City of Owens Cross Rocks, State of Alabama. Defendant Luna Tech, Inc. was the manufacturer of the pyrotechnics used by the band Great White and its agents, employees and servants at the Great White concert at The Station on February 20, 2003.

20. Defendant Luna Tech Inc. is a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, an organization formed under the laws of the Country of Germany and has its principal place of business in Ascheffel, Germany.

21. Defendant American Foam Corporation is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Johnston, County of Providence, State of Rhode Island. Defendant American Foam Corporation manufactured, and/or sold, and/or installed the soundproofing foam insulation to Defendants Jeffrey Derderian, Defendant Michael Derderian, and/or Defendant DERCO, for installation in the Station nightclub, which was present in the Station nightclub on the night of February 20, 2003.

22. Defendant WHJY-FM, upon information and belief, is a corporation or other business organization formed under the laws of the State of Rhode Island and has

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

its principal place of business in the City of East Providence, County of Providence, State of Rhode Island. Defendant WHJY-FM was a sponsor of the Great White concert at The Station on February 20, 2003.

23. Defendant WHJY-FM is a subsidiary of Defendant Clear Channel Communications, Inc., who, under information and belief, is a corporation organized under the laws of the State of New York and has its principal place of business in the City of New York, County of New York, State of New York.

24. Defendants Does 1 through 100 are unknown to Plaintiff at this time and are sued in this capacity until such time as their identities become known.

25. At some point before February 20, 2003, Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO purchased from Defendant American Foam Insulation a quantity of foam insulation with the intent to use same as soundproofing around the stage at the former Station nightclub.

26. Said foam insulation referred to in Paragraph 24 was not flame retardant.

27. At some point after the purchase referred to in Paragraph 24, Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO cause said foam insulation to be installed around the stage area of the former Station nightclub.

28. At some point before February 20, 2003, Defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White, executed a contract with Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO that provided that the band Great White, whose members on February 20, 2003 were Defendants Jack Russell, Mark Kendall, David Filice, Eric Powers, and the late Ty Longley (who perished in the fire), would play at the former Station nightclub on February 20, 2003.

29. At some point before February 20, 2003, Defendant WHJY-FM, a subsidiary of Defendant Clear Channel Communications, Defendant Anheuser Busch, Inc. and/or Defendant McLaughlin & Moran, Inc. entered into sponsorship agreements with Defendants, Jeffrey Derderian, Michael Derderian, and/or DERCO or Defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White whereby Defendants WHJY-FM, Anheuser-Busch, Inc. and/or McLaughlin & Moran, Inc. would be sponsors of the Great White concert at the Station on February 20, 2003.

30. On the evening of February 20, 2003, Lisa Kelly, decedent, entered the Station nightclub to watch the Great White concert.

31. As part of their sponsorship of the concert, Defendant WHJY-FM, a subsidiary of Defendant Clear Channel Communications, Inc., was the "presenter" of the evening. The on-stage host of the night's entertainment was the late Michael

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Gonsalves, (who also perished in the fire) a WHJY-FM disc jockey popularly known as "Doctor Metal." WHJY-FM also had a number of interns who distributed promotional items of WHJY-FM to the crowd.

32. Defendant Anheuser-Busch, Inc. and Defendant McLaughlin and Moran, Inc., as part of their sponsorship of the concert, arranged for a batch of Budweiser beer that was brewed in Defendant Anheuser-Busch Inc.'s New Hampshire brewery to be delivered to The Station by Defendant McLaughlin & Moran for sale that night, so that fans at The Station that night could have the freshest beer that they were ever likely to have. This fact was promoted repeatedly by "Doctor Metal" to the crowd at various times during the evening.

33. As the night progressed at The Station, many other patrons entered the nightclub.

34. The capacity of the former Station nightclub was limited to 300 persons under the Class C licence. Upon information and belief, more than 300 persons occupied the former Station nightclub on the night of February 20, 2003.

35. At approximately 10:40 p.m. on February 20, 2003, the second band of the night, Trip, finished their set and left the stage of the former Station nightclub. At that time, Defendant Daniel Bichele and Defendant Does 1-10 took the stage to disassemble Trip's stage equipment and to assemble Great White's stage equipment.

36. Defendant Daniel Bichele, as part of his duties in setting up the stage for Great White, put in place certain pyrotechnic devices known as "gerbs," manufactured by Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, in front of the drum riser on the stage, and upon or near the back wall, and prepared the pyrotechnic device for later activation.

37. At approximately 11:10 p.m. on February 20, 2003, the band Great White, the members of which are Defendant Jack Russell, Defendant Mark Kendall, Defendant David Filice, Defendant Eric Powers and Decedent Ty Longley, took the stage at The Station.

38. The band played two chords, at which time Defendant Daniel Bichele activated the pyrotechnic device that he previously prepared and placed on the stage.

39. Sparks flew from the pyrotechnic device toward the ceiling and the back wall of the stage.

40. The sparks from the pyrotechnic device ignited the sound insulation on the ceiling above the stage and the back wall of the stage. A fire began on the walls and ceiling on either side of the stage. The fire spread rapidly.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

41. After quickly realizing that the resulting fire was not part of Great White's act, decedent Lisa Kelly attempted to make her way to the door of the former Station nightclub.

42. In the ensuing panic when the lights went out, decedent Lisa Kelly was knocked down and other patrons fell upon decedent Lisa Kelly.

43. Decedent Lisa Kelly was suffocated while under a pile of other victims and thereby perished.

44. As a result of the fire at The Station nightclub, 99 people died, including decedent Lisa Kelly, and over 180 people were injured.

45. Jurisdiction in the Superior Court of the County of Providence is based on the residence of Defendant WHJY-FM, which has its principal place of business in the City of East Providence, County of Providence, State of Rhode Island. The damages claimed herein will satisfy the monetary jurisdiction of the Superior Court of the County of Providence.

## COUNT ONE
**Jeffrey Derderian**

46. Paragraphs 1 through 45, inclusive, are hereby incorporated as if fully set forth herein.

47. The actions or omissions of Defendant Jeffrey Derderian, as part owner of the Station nightclub and Defendant DERCO, jointly and severally with his codefendants, were negligent and were the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

   a. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to manage, maintain, control, supervise, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

   b. Defendant Jeffrey Derderian, his agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23.28.6-15.

   c. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

A true Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

d. Defendant Jeffrey Derderian, his agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-13.

48. Said negligence of Defendant Jeffrey Derderian, his agents, servants, or employees, was the proximate cause, in whole or in part, of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Jeffrey Derderian, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**<u>COUNT TWO</u>**
**Michael Derderian**

49. Paragraphs 1 through 48, inclusive, are hereby incorporated as if fully set forth herein.

50. The actions or omissions of Defendant Michael Derderian, as part owner of the Station nightclub and Defendant DERCO, jointly and severally with his codefendants, were negligent and were the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Michael Derderian, his agents, servants, or employees, failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

b. Defendant Michael Derderian, his agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23.28.6.15.

c. Defendant Michael Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

d. Defendant Michael Derderian, his agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant Michael Derderian, his agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-13.

51. Said negligence of Defendant Michael Derderian, his agents, servants, or employees was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Michael Derderian, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT THREE**
**DERCO**

52. Paragraphs 1 through 51, inclusive, are hereby incorporated as if fully set forth herein.

Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

53. The actions or omissions of Defendant DERCO, jointly and severally with its codefendants were negligent and were, in whole or in part, the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant DERCO, its agents, servants, or employees failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

b. Defendant DERCO, its agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-15.

c. Defendant DERCO, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

d. Defendant DERCO, its agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant DERCO, its agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-18.6-13.

54. Said negligence of Defendant DERCO, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant DERCO, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

True Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT FOUR**
**Manic Music Management**

55. Paragraphs 1 through 54, inclusive, are hereby incorporated as if fully set forth herein.

56. The actions or omissions of Defendant Manic Music Management, its agents, servants, or employees, jointly and severally with its codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

   a. Defendant Manic Music Management, its agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

   b. Defendant Manic Music Management, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23-28-11.3.

57. Said negligence of Defendant Manic Music Management, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Manic Music Management, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT FIVE**
**Jack Russell, Mark Kendall, David Filice, Eric Powers**
**(collectively as the band known as Great White)**

58. Paragraphs 1 through 57, inclusive, are hereby incorporated as if fully set forth herein.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

59. The actions or omissions of Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers, (collectively as the band known as Great White), their agents, servants, or employees, jointly or severally with their codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws 23.28.11.3.

60. Said negligence of Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers, individually and/or collectively as the band known as Great White, jointly or severally with their codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT SIX**
**Daniel Bichele**

61. Paragraphs 1 through 60, inclusive, are hereby incorporated as if fully set forth herein.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

62. The actions or omissions of Defendant Daniel Bichele, his agents, servants, or employees, jointly and severally with his codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Daniel Bichele, his agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendants Daniel Bichele, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

63. Said negligence of Defendant Daniel Bichele, his agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Daniel Bichele, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT SEVEN**
**Paul Woolnough**

64. Paragraphs 1 through 63, inclusive, are hereby incorporated as if fully set forth herein.

65. The actions or omissions of Defendant Paul Woolnough, his agents, servants, or employees, individually or as the principal of Defendant Manic Music Management or Defendant Knight Records, Inc., were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Paul Woolnough, his agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendant Paul Woolnough, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

66. Said negligence of Defendant Paul Woolnough, his agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Paul Woolnough, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT EIGHT**
**Knight Records, Inc.**

67. Paragraphs 1 through 66, inclusive, are hereby incorporated as if fully set forth herein.

68. The actions or omissions of Defendant Knight Records, Inc, its agents, servants, or employees, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Knight Records, Inc, its agents, servants, or employees, were negligent in the use, operation, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendant Knight Records, Inc, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

69. Said negligence of Defendant Knight Records, Inc, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Knight Records, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT NINE**
**Anheuser-Busch, Inc.**

70. Paragraphs 1 through 69, inclusive, are hereby incorporated as if fully set forth herein.

71. The liability of Defendant Anheuser-Busch, Inc is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant Anheuser-Busch, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Anheuser-Busch, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT TEN**
**McLaughlin & Moran, Inc.**

72. Paragraphs 1 through 71, inclusive, are hereby incorporated as if fully set forth herein.

73. The liability of Defendant McLaughlin & Moran, Inc. is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant McLaughlin & Moran, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant McLaughlin & Moran, Inc.., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT ELEVEN**
**Luna Tech, Inc. and Luna Tech Pyrotechnik, GmbH**

74. Paragraphs 1 through 73, inclusive, are hereby incorporated as if fully set forth herein.

75. The actions or omissions of Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. That Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, produced and sold the "gerb" style pyrotechnic display to Great White, its agents, servants, or employees for the purpose of providing a pyrotechnic display during Great White's performances.

b. That Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH., its agents, servants, or employees knew or should have known that its pyrotechnics would be used during Great White's

A True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

indoor performances and failed to warn Great White, its agents servants, or employees in the proper use of same.

76. Said negligence of Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

77. Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, as manufacturer of the pyrotechnics in question, are strictly liable for designing, creating, manufacturing, distributing, selling, and placing in to the stream of commerce the pyrotechnics, an inherently dangerous product.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendants Luna Tech, Inc. and Defendant Luna Tech Pyrotechnik, GmbH jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT TWELVE
**American Foam Corporation**

78. Paragraphs 1 through 77, inclusive, are hereby incorporated as if fully set forth herein.

79. The actions or omissions of Defendant American Foam Corporation were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. That Defendant American Foam Corporation, its agents, servants, or employees, produced and/or sold alleged sound proofing foam to Defendants Jeffrey Derderian, Michael Derderian, DERCO, and/or their agents, servants, and employees for the purpose of providing sound proofing for The Station nightclub.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

b. That Defendant American Foam Corporation, its agents, servants, or employees knew or should have known that said soundproofing foam would be installed in an environment subjected to unusual heat sources, including but not limited to stage lighting equipment, matches, cigarettes, and pyrotechnics, yet failed to warn Defendants Jeffrey Derderian, Michael Derderian, DERCO, their agents, servants, or employees that the product was not flame retardant but was, in fact, highly flammable.

80. Said negligence of Defendant American Foam Corporation, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant American Foam Corporation, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT THIRTEEN**
**WHJY-FM and CLEAR CHANNEL COMMUNICATIONS, INC.**

81. Paragraphs 1 through 80, inclusive, are hereby incorporated as if fully set forth herein.

82. The liability of Defendants WHJY-FM and Defendant Clear Channel Communications, Inc., is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant WHJY-FM and Defendant Clear Channel Communications, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant WHJY-FM and Defendant Clear Channel Communications, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

Plaintiff, by his counsel,

Stefanie DiMaio Larivee, Esquire
#6371
215 Broadway
Providence, Rhode Island 02903
(401) 272-3900

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island