IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD KINGSLEY, ET AL. :
:
V. : C.A. NO. 03-208L
:
JEFFREY DERDERIAN, ET AL. :

STATEMENT OF COMPLIANCE WITH LOCAL RULE 36(b)

In accordance with the requirements set forth in Local Rule 36(b), attached hereto and filed herewith are attested copies of the following documents which represent all State court records and proceedings in the action known as Ronald Kinsley, et al. v. Jeffrey Derderian, et al., and number C.A. No. PC 03-1171:

1. A copy of the petition or notice of removal;
2. A certified or attested copy of the State Court docket sheet(s); and
3. Certified or attested copies of every document in the State Court record which documents shall be arranged in the same sequential order as they appear on the State Court docket and each document shall be tabbed to facilitate the location of an individual document; and
4. Affidavit of Susan G. McMillan of Blish & Cavanagh, LLP.

Respectfully submitted,

Joseph V. Cavanagh, Jr. (by ker)
Kristin E. Rodgers

Joseph V. Cavanagh, Jr. #1139
Kristin E. Rodgers #4842
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

3

**CERTIFICATION**

I hereby certify that on the 2nd day of June, 2003 I caused a true copy of the foregoing Statement of Compliance with Local Rule 36(b) to be sent via first-class mail, postage prepaid to Stefanie DiMaio-Larivee, 215 Broadway, Providence, RI 02903.

Cynthia L. Dragon

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

**RONALD KINGSLEY, as parent and Next friend of ZOE JEAN KINGSLEY, a minor, and on behalf of all beneficiaries of LISA KELLY, decedent, Plaintiff**

**V.**

**C.A. NO:** 03-1171

**JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, d/b/a/ The Station, MANIC MUSIC MANAGEMENT, JACK RUSSELL, MARK KENDELL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., MCLAUGHLIN AND MORAN, INC., LUNA TECH, INC., LUNA TECH PYROTECHNIK GmbH, AMERICAN FOAM CORPORATION, WHJY-FM, CLEAR CHANNEL COMMUNICATIONS, INC. and Does 1 through 100, Defendants**

1178

## COMPLAINT

COMES NOW the Plaintiff, Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of Lisa Kelly, decedent, pursuant to R.I. Gen. Laws §§ 10-7-3 and § 10-7-1.2, and hereby states and alleges as follows:

1. Plaintiff Ronald Kingsley is and at all times relevant was a resident of the Town of Tiverton, County of Newport, State of Rhode Island. Plaintiff Ronald Kingsley is the father and natural guardian of Zoe Jean Kingsley, a minor.

2. Zoe Jean Kingsley is the daughter of Lisa Kelly, decedent, 27 years old at the time of her death.

3. All other beneficiaries of Lisa Kelly, deceased, on whose behalf Plaintiff Ronald Kingsley brings this action pursuant to R.I. Gen. Laws § 10-7-3, shall be determined, upon information and belief, under the laws of intestacy of the Commonwealth of Massachusetts.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 MAR 10 A 8:40

WRD
YN
6371

4. Defendant Jeffrey Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Narragansett, County of Washington, State of Rhode Island. Defendant Jeffrey Derderian is a part owner of Defendant DERCO and part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of Rhode Island.

5. Defendant Michael Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Saunderstown, County of Washington, State of Rhode Island. Defendant Michael Derderian is a part owner Defendant DERCO and a part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of Rhode Island.

6. Defendant DERCO is a corporation organized under the laws of the State of Rhode Island and has its principal place of business, at all times relevant, in the Town of West Warwick, County of Kent, State of Rhode Island. Defendant DERCO is a corporation owned by Defendants Jeffrey Derderian and Michael Derderian, whose principal business was the operation of the former Station nightclub in the Town of West Warwick, County of Kent, State of Rhode Island.

7. The Station nightclub was a "Class C" venue under the laws of the State of Rhode Island, and was musical venue that featured national and local rock and roll acts.

8. Defendant Manic Music Management is, upon information and belief, is a corporation or other business organization organized under the laws of the State of California. Defendant Paul Woolnough is the principal of Defendant Manic Music Management.

9. Defendant Jack Russell, upon information and belief, is a resident of the State of California. Defendant Jack Russell is the lead singer of the band Great White and was so on the night of February 20, 2003.

10. Defendant Mark Kendell, upon information and belief, is a resident of the State of California. Defendant Mark Kendell is a member of the band Great White and was so on the night of February 20, 2003.

11. Defendant David Filice, upon information and belief, is a resident of the State of California. Defendant David Filice is a member of the band Great White and was so on the night of February 20, 2003.

12. Defendant Eric Powers, upon information and belief, is a resident of the State of California. Defendant Eric Powers is a member of the band Great White and was so on the night of February 20, 2003.

13. Defendant Daniel Bichele, upon information and belief, is a resident of the State of California. Defendant Daniel Bichele was the tour manager for the band Great White on the night of February 20, 2003.

14. Defendant Paul Woolnaugh, upon information and belief, is a resident of the State of California. Defendant Paul Woolnaugh is the principal of Defendant Manic Music Management and Defendant Knight Records, Inc.

15. Defendant Knight Records, Inc, upon information and belief, is a corporation organized under the laws of the State of California, whose principal of Defendant Paul Woolnough. Defendant Knight Records, Inc. is the record company of Great White.

16. Defendant Anheuser-Busch, Inc., upon information and belief, is a corporation organized under the laws of the State of Missouri and has its principal place of business in the City of St. Louis, State of Missouri. Defendant Anheuser-Busch, Inc. was a sponsor of the Great White concert at The Station on February 20, 2003.

17. Defendant McLaughlin & Moran, Inc. is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Cranston, County of Providence, State of Rhode Island. Defendant McLaughlin & Moran, Inc. was a sponsor of the Great White concert at The Station on February 20, 2003.

18. Defendant Luna Tech, Inc., upon information and belief, is a corporation organized under the laws of the State of Alabama and has its principal place of business in the City of Owens Cross Rocks, State of Alabama. Defendant Luna Tech, Inc. was the manufacturer of the pyrotechnics used by the band Great White and its agents, employees and servants at the Great White concert at The Station on February 20, 2003.

19. Defendant Luna Tech Inc. is a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, an organization formed under the laws of the Country of Germany and has its principal place of business in Ascheffel, Germany.

20. Defendant American Foam Corporation is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Johnston, County of Providence, State of Rhode Island. Defendant American Foam Corporation manufactured, and/or sold, and/or installed the soundproofing foam insulation to Defendants Jeffrey Derderian, Defendant Michael Derderian, and/or Defendant DERCO, for installation in the Station nightclub, which was present in the Station nightclub on the night of February 20, 2003.

21. Defendant WHJY-FM, upon information and belief, is a corporation or other business organization formed under the laws of the State of Rhode Island and has its principal place of business in the City of East Providence, County of Providence, State of Rhode Island. Defendant WHJY-FM was a sponsor of the Great White concert at The Station on February 20, 2003.

22. Defendant WHJY-FM is a subsidiary of Defendant Clear Channel Communications, Inc., who, under information and belief, is a corporation organized under the laws of the State of New York and has its principal place of business in the City of New York, County of New York, State of New York.

23. Defendants Does 1 through 100 are unknown to Plaintiff at this time and are sued in this capacity until such time as their identities become known.

24. At some point before February 20, 2003, Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO purchased from Defendant American Foam Insulation a quantity of foam insulation with the intent to use same as soundproofing around the stage at the former Station nightclub.

25. Said foam insulation referred to in Paragraph 24 was not flame retardant.

26. At some point after the purchase referred to in Paragraph 24, Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO cause said foam insulation to be installed around the stage area of the former Station nightclub.

27. At some point before February 20, 2003, Defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White, executed a contract with Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO that provided that the band Great White, whose members on February 20, 2003 were Defendants Jack Russell, Mark Kendell, David Filice, Eric Powers, and the late Ty Longley (who perished in the fire), would play at the former Station nightclub on February 20, 2003.

28. At some point before February 20, 2003, Defendant WHJY-FM, a subsidiary of Defendant Clear Channel Communications, Defendant Anheuser Busch, Inc. and/or Defendant McLaughlin & Moran, Inc. entered into sponsorship agreements with Defendants, Jeffrey Derderian, Michael Derderian, and/or DERCO or Defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White whereby Defendants WHJY-FM, Anheuser-Busch, Inc. and/or McLaughlin & Moran, Inc. would be sponsors of the Great White concert at the Station on February 20, 2003.

29. On the evening of February 20, 2003, Lisa Kelly, decedent, entered the Station nightclub to watch the Great White concert.

30. As part of their sponsorship of the concert, Defendant WHJY-FM, a subsidiary of Defendant Clear Channel Communications, Inc., was the "presenter" of the evening. The on-stage host of the night's entertainment was the late Michael Gonsalves, (who also perished in the fire) a WHJY-FM disc jockey popularly known as "Doctor Metal." WHJY-FM also had a number of interns who distributed promotional items of WHJY-FM to the crowd.

31. Defendant Anheuser-Busch, Inc. and Defendant McLaughlin and Moran, Inc., as part of their sponsorship of the concert, arranged for a batch of Budweiser beer that was brewed in Defendant Anheuser-Busch Inc.'s New Hampshire brewery to be delivered to The Station by Defendant McLaughlin & Moran for sale that night, so that fans at The Station that night could have the freshest beer that they were ever likely to have. This fact was promoted repeatedly by "Doctor Metal" to the crowd at various times during the evening.

32. As the night progressed at The Station, many other patrons entered the nightclub.

33. The capacity of the former Station nightclub was limited to 300 persons under the Class C licence. Upon information and belief, more than 300 persons occupied the former Station nightclub on the night of February 20, 2003.

34. At approximately 10:40 p.m. on February 20, 2003, the second band of the night, Trip, finished their set and left the stage of the former Station nightclub. At that time, Defendant Daniel Bichele and Defendant Does 1-10 took the stage to disassemble Trip's stage equipment and to assemble Great White's stage equipment.

35. Defendant Daniel Bichele, as part of his duties in setting up the stage for Great White, put in place certain pyrotechnic devices known as "gerbs," manufactured by Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, in front of the drum riser on the stage, and upon or near the back wall, and prepared the pyrotechnic device for later activation.

36. At approximately 11:10 p.m. on February 20, 2003, the band Great White, the members of which are Defendant Jack Russell, Defendant Mark Kendell, Defendant David Filice, Defendant Eric Powers and Decedent Ty Longley, took the stage at The Station.

37. The band played two chords, at which time Defendant Daniel Bichele activated the pyrotechnic device that he previously prepared and placed on the stage.

38. Sparks flew from the pyrotechnic device toward the ceiling and the back wall of the stage.

39. The sparks from the pyrotechnic device ignited the sound insulation on the ceiling above the stage and the back wall of the stage. A fire began on the walls and ceiling on either side of the stage. The fire spread rapidly.

40. After quickly realizing that the resulting fire was not part of Great White's act, decedent Lisa Kelly attempted to make her way to the door of the former Station nightclub.

41. In the ensuing panic when the lights went out, decedent Lisa Kelly was knocked down and other patrons fell upon decedent Lisa Kelly.

42. Decedent Lisa Kelly was suffocated while under a pile of other victims and thereby perished.

43. As a result of the fire at The Station nightclub, 99 people died, including decedent Lisa Kelly, and over 180 people were injured.

44. Jurisdiction in the Superior Court of the County of Providence is based on the residence of Defendant WHJY-FM, which has its principal place of business in the City of East Providence, County of Providence, State of Rhode Island. The damages claimed herein will satisfy the monetary jurisdiction of the Superior Court of the County of Providence.

## COUNT ONE
**Jeffrey Derderian**

45. Paragraphs 1 through 44, inclusive, are hereby incorporated as if fully set forth herein.

46. The actions or omissions of Defendant Jeffrey Derderian, as part owner of the Station nightclub and Defendant DERCO, jointly and severally with his codefendants, were negligent and were the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

   a. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to manage, maintain, control, supervise, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

   b. Defendant Jeffrey Derderian, his agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23.28.6-15.

   c. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

   d. Defendant Jeffrey Derderian, his agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not

possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-13.

47. Said negligence of Defendant Jeffrey Derderian, his agents, servants, or employees, was the proximate cause, in whole or in part, of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Jeffrey Derderian, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT TWO
### Michael Derderian

48. Paragraphs 1 through 47, inclusive, are hereby incorporated as if fully set forth herein.

49. The actions or omissions of Defendant Michael Derderian, as part owner of the Station nightclub and Defendant DERCO, jointly and severally with his codefendants, were negligent and were the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Michael Derderian, his agents, servants, or employees, failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

b. Defendant Michael Derderian, his agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former

Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23.28.6.15.

c. Defendant Michael Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

d. Defendant Michael Derderian, his agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant Michael Derderian, his agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-13.

50. Said negligence of Defendant Michael Derderian, his agents, servants, or employees was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Michael Derderian, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT THREE
## DERCO

51. Paragraphs 1 through 50, inclusive, are hereby incorporated as if fully set forth herein.

52. The actions or omissions of Defendant DERCO, jointly and severally with its codefendants were negligent and were, in whole or in part, the proximate cause, in

whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant DERCO, its agents, servants, or employees failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

b. Defendant DERCO, its agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-15.

c. Defendant DERCO, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

d. Defendant DERCO, its agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant DERCO, its agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-18.6-13.

53. Said negligence of Defendant DERCO, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant DERCO, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT FOUR**
**Manic Music Management**

54. Paragraphs 1 through 53, inclusive, are hereby incorporated as if fully set forth herein.

55. The actions or omissions of Defendant Manic Music Management, its agents, servants, or employees, jointly and severally with its codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

   a. Defendant Manic Music Management, its agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

   b. Defendant Manic Music Management, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23-28-11.3.

56. Said negligence of Defendant Manic Music Management, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Manic Music Management, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT FIVE**
**Jack Russell, Mark Kendell, David Filice, Eric Powers**
**(collectively as the band known as Great White)**

57. Paragraphs 1 through 56, inclusive, are hereby incorporated as if fully set forth herein.

58. The actions or omissions of Defendants Jack Russell, Mark Kendell, David Filice, and Eric Powers, (collectively as the band known as Great White), their agents, servants, or employees, jointly or severally with their codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendants Jack Russell, Mark Kendell, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendants Jack Russell, Mark Kendell, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws 23.28.11.3.

59. Said negligence of Defendants Jack Russell, Mark Kendell, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendants Jack Russell, Mark Kendell, David Filice, and Eric Powers, individually and/or collectively as the band known as Great White, jointly or severally with their codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT SIX
**Daniel Biehele**

60. Paragraphs 1 through 59, inclusive, are hereby incorporated as if fully set forth herein.

61. The actions or omissions of Defendant Daniel Bichele, his agents, servants, or employees, jointly and severally with his codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Daniel Bichele, his agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendants Daniel Bichele, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

62. Said negligence of Defendant Daniel Bichele, his agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Daniel Bichele, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT SEVEN
## Paul Woolnough

63. Paragraphs 1 through 62, inclusive, are hereby incorporated as if fully set forth herein.

64. The actions or omissions of Defendant Paul Woolnough, his agents, servants, or employees, individually or as the principal of Defendant Manic Music Management or Defendant Knight Records, Inc., were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Paul Woolnough, his agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of

the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendant Paul Woolnough, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

65. Said negligence of Defendant Paul Woolnough, his agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Paul Woolnough, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT EIGHT
**Knight Records, Inc.**

66. Paragraphs 1 through 65, inclusive, are hereby incorporated as if fully set forth herein.

67. The actions or omissions of Defendant Knight Records, Inc, its agents, servants, or employees, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Knight Records, Inc, its agents, servants, or employees, were negligent in the use, operation, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendant Knight Records, Inc, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

68. Said negligence of Defendant Knight Records, Inc, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Knight Records, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT NINE
**Anheuser-Busch, Inc.**

69. Paragraphs 1 through 68, inclusive, are hereby incorporated as if fully set forth herein.

70. The liability of Defendant Anheuser-Busch, Inc is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant Anheuser-Busch, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Anheuser-Busch, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT TEN**
**McLaughlin & Moran, Inc.**

71. Paragraphs 1 through 70, inclusive, are hereby incorporated as if fully set forth herein.

72. The liability of Defendant McLaughlin & Moran, Inc. is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant McLaughlin & Moran, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant McLaughlin & Moran, Inc.., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT ELEVEN**
**Luna Tech, Inc. and Luna Tech Pyrotechnik, GmbH**

73. Paragraphs 1 through 72, inclusive, are hereby incorporated as if fully set forth herein.

74. The actions or omissions of Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

   a. That Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, produced and sold the "gerb" style pyrotechnic display to Great White, its agents, servants, or employees for the purpose of providing a pyrotechnic display during Great White's performances.

   b. That Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH., its agents, servants, or employees knew or should have known that its pyrotechnics would be used during Great White's

indoor performances and failed to warn Great White, its agents servants, or employees in the proper use of same.

75. Said negligence of Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

76. Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, as manufacturer of the pyrotechnics in question, are strictly liable for designing, creating, manufacturing, distributing, selling, and placing in to the stream of commerce the pyrotechnics, an inherently dangerous product.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendants Luna Tech, Inc. and Defendant Luna Tech Pyrotechnik, GmbH jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT TWELVE
### American Foam Corporation

77. Paragraphs 1 through 76, inclusive, are hereby incorporated as if fully set forth herein.

78. The actions or omissions of Defendant American Foam Corporation were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

   a. That Defendant American Foam Corporation, its agents, servants, or employees, produced and/or sold alleged sound proofing foam to Defendants Jeffrey Derderian, Michael Derderian, DERCO, and/or their agents, servants, and employees for the purpose of providing sound proofing for The Station nightclub.

b. That Defendant American Foam Corporation, its agents, servants, or employees knew or should have known that said soundproofing foam would be installed in an environment subjected to unusual heat sources, including but not limited to stage lighting equipment, matches, cigarettes, and pyrotechnics, yet failed to warn Defendants Jeffrey Derderian, Michael Derderian, DERCO, their agents, servants, or employees that the product was not flame retardant but was, in fact, highly flammable.

79. Said negligence of Defendant American Foam Corporation, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant American Foam Corporation, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT THIRTEEN
## WHJY-FM and CLEAR CHANNEL COMMUNICATIONS, INC.

80. Paragraphs 1 through 79, inclusive, are hereby incorporated as if fully set forth herein.

81. The liability of Defendants WHJY-FM and Defendant Clear Channel Communications, Inc., is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant WHJY-FM and Defendant Clear Channel Communications, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant WHJY-FM and Defendant Clear Channel Communications, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent

Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

Plaintiff, by his counsel,

Stefanie DiMaio Larivee, Esquire
#6371
215 Broadway
Providence, Rhode Island 02903
(401) 272-3900

# STATE OF RHODE ISLAND
# SUPERIOR COURT

CIVIL
CASE COVER SHEET

Case * (Filled in by Clerk's Office)
03-1171

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office (R.P.3.11). If the case is a District Court appeal. The form must be filed with the appeal in the District Court and will be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of Lisa Kelly, decedent | Derderian, et al. |

NATURE OF PROCEEDING—Check the applicable case type under main categories listed below. (check one only)

District Court Appeal ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DPC Denial of probate claim | ☐ PRN Promissory note |
| ☐ ALA Alienation of affection | ☐ EXT Excessive tax | ☐ PDM Property damage |
| ☐ ANT Anti-trust | ☐ INR Injunctive relief | ☐ PDV Property damage / vehicle |
| ☐ ASB Assault and battery | ☐ IPL Interpleader | ☐ RLP Real property |
| ☐ BKA Book account | ☐ LIB Libel/slander | ☐ RIC Reinstate charter |
| ☐ CLA Common law assignment | ☐ MLE Malpractice/legal | ☐ DIN Recovery of damages/insurance |
| ☐ CLL Common law lien | ☐ MME Malpractice/medical | ☐ ROF Recovery of funds |
| ☐ CON Contract | ☐ MOT Malpractice/other | ☐ WOR Replevin, writ of |
| ☐ CNV Conversion | ☐ WOM Mandamus. Writ of | ☐ SPP Specific performance |
| ☐ CRC Criminal conversation | ☐ PRT Partition | ☐ TCO Title clearing (other than tax title) |
| ☐ CIC Criminal inj. compensation | ☐ PER Personal injury | ☐ TAE Trespass and ejectment |
| ☐ DOJ Debt on judgment | ☐ IDV Personal inj./property dam-vehicle | ☐ TRA Trustee/accounting |
| ☐ DTP Deceptive trade practice | ☐ PIV Personal injury-vehicle | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | PRL Product liabilty | ☐ UNM Uninsured motorist |
| ☐ Other than above (specify type): | | XX WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ ARA Arbitration award | ☐ TLF Foreclosure / tax lien | ☐ PFI Petition for immunity |
| ☐ CAR Arbitration /confirm | ☐ FOC Forfeiture of charter | ☐ PIN Pet for inventory (wire tap) |
| ☐ RTA Arbitration referral | ☐ GJI Grand jury investigation | ☐ PFR Petition for review |
| ☐ VAR Arbitration / vacate | ☐ HAC Habeas corpus | ☐ PTD Pet to take deposition |
| ☐ AOD Assessment of damages | ☐ MAW Material witness | ☐ PCR Post conviction relief |
| ☐ CND Condemnation | ☐ MEL Mechanics lien | ☐ REC Receivership |
| ☐ CFC Confirm compromise | ☐ OSW Out of state witness | ☐ R5A Rule 5A petition |
| ☐ DOC Dissolution of corp. | ☐ PFS Perform surgery | ☐ TCL Title clearing (tax title) |
| ☐ EDP End partnership | ☐ PFC Petition for constable | ☐ AOT Trustee / appointment of |
| ☐ FRR Forclosure of right redemption | ☐ PTE Petition to expunge | ☐ DOT Trustee / declination of |
| ☐ Other than above (specify type): | | ☐ ASC Trustee successor |

True Copy Attest

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

SUPERIOR COURT
FILED
HENRY S. KINCH JR. CLERK

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Is this a case that may require a trial for resolution? XX Yes ☐ No If yes: ☐ Jury ☐ Non-jury

2003 MAR 10 A 8: 40

(Attorney name) Stefanie DiMaio Larivee #6371 Mar. 10, 2003 (Date)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

**RONALD KINGSLEY, as parent and Next friend of ZOE JEAN KINGSLEY, a minor, and on behalf of all beneficiaries of LISA KELLY, decedent, Plaintiff**

**V.**

**C.A. NO: PC-03-1171**

**JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, d/b/a/ The Station, MANIC MUSIC MANAGEMENT, JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., MCLAUGHLIN AND MORAN, INC., LUNA TECH, INC., LUNA TECH PYROTECHNIK GmbH, AMERICAN FOAM CORPORATION, WHJY-FM, CLEAR CHANNEL COMMUNICATIONS, INC. and Does 1 through 100, Defendants**

# AMENDED COMPLAINT

COMES NOW the Plaintiff, Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of Lisa Kelly, decedent, pursuant to R.I. Gen. Laws §§ 10-7-3 and § 10-7-1.2, and hereby states and alleges as follows:

1. Plaintiff Ronald Kingsley is and at all times relevant was a resident of the Town of Tiverton, County of Newport, State of Rhode Island. Plaintiff Ronald Kingsley is the father and natural guardian of Zoe Jean Kingsley, a minor.

2. Zoe Jean Kingsley is the daughter of Lisa Kelly, decedent, 27 years old at the time of her death.

3. All other beneficiaries of Lisa Kelly, deceased, on whose behalf Plaintiff Ronald Kingsley brings this action pursuant to R.I. Gen. Laws § 10-7-3, shall be determined, upon information and belief, under the laws of intestacy of the Commonwealth of Massachusetts.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 APR -9 A 7:44

True Copy Attest
Hy S. Kinch, Jr.
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4. At the time of the commencement of this action, no administrator or executor had been appointed for the estate of Lisa Kelly, deceased.

5. Defendant Jeffrey Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Narragansett, County of Washington, State of Rhode Island. Defendant Jeffrey Derderian is a part owner of Defendant DERCO and part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of Rhode Island.

6. Defendant Michael Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Saunderstown, County of Washington, State of Rhode Island. Defendant Michael Derderian is a part owner Defendant DERCO and a part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of Rhode Island.

7. Defendant DERCO is a corporation organized under the laws of the State of Rhode Island and has its principal place of business, at all times relevant, in the Town of West Warwick, County of Kent, State of Rhode Island. Defendant DERCO is a corporation owned by Defendants Jeffrey Derderian and Michael Derderian, whose principal business was the operation of the former Station nightclub in the Town of West Warwick, County of Kent, State of Rhode Island.

8. The Station nightclub was a "Class C" venue under the laws of the State of Rhode Island, and was musical venue that featured national and local rock and roll acts.

9. Defendant Manic Music Management is, upon information and belief, is a corporation or other business organization organized under the laws of the State of California. Defendant Paul Woolnough is the principal of Defendant Manic Music Management.

10. Defendant Jack Russell, upon information and belief, is a resident of the State of California. Defendant Jack Russell is the lead singer of the band Great White and was so on the night of February 20, 2003.

11. Defendant Mark Kendall, upon information and belief, is a resident of the State of California. Defendant Mark Kendall is a member of the band Great White and was so on the night of February 20, 2003.

12. Defendant David Filice, upon information and belief, is a resident of the State of California. Defendant David Filice is a member of the band Great White and was so on the night of February 20, 2003.

13. Defendant Eric Powers, upon information and belief, is a resident of the State of California. Defendant Eric Powers is a member of the band Great White and was so on the night of February 20, 2003.

14. Defendant Daniel Bichele, upon information and belief, is a resident of the State of California. Defendant Daniel Bichele was the tour manager for the band Great White on the night of February 20, 2003.

15. Defendant Paul Woolnaugh, upon information and belief, is a resident of the State of California. Defendant Paul Woolnaugh is the principal of Defendant Manic Music Management and Defendant Knight Records, Inc.

16. Defendant Knight Records, Inc, upon information and belief, is a corporation organized under the laws of the State of California, whose principal of Defendant Paul Woolnough. Defendant Knight Records, Inc. is the record company of Great White.

17. Defendant Anheuser-Busch, Inc., upon information and belief, is a corporation organized under the laws of the State of Missouri and has its principal place of business in the City of St. Louis, State of Missouri. Defendant Anheuser-Busch, Inc. was a sponsor of the Great White concert at The Station on February 20, 2003.

18. Defendant McLaughlin & Moran, Inc. is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Cranston, County of Providence, State of Rhode Island. Defendant McLaughlin & Moran, Inc. was a sponsor of the Great White concert at The Station on February 20, 2003.

19. Defendant Luna Tech, Inc., upon information and belief, is a corporation organized under the laws of the State of Alabama and has its principal place of business in the City of Owens Cross Rocks, State of Alabama. Defendant Luna Tech, Inc. was the manufacturer of the pyrotechnics used by the band Great White and its agents, employees and servants at the Great White concert at The Station on February 20, 2003.

20. Defendant Luna Tech Inc. is a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, an organization formed under the laws of the Country of Germany and has its principal place of business in Ascheffel, Germany.

21. Defendant American Foam Corporation is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Johnston, County of Providence, State of Rhode Island. Defendant American Foam Corporation manufactured, and/or sold, and/or installed the soundproofing foam insulation to Defendants Jeffrey Derderian, Defendant Michael Derderian, and/or Defendant DERCO, for installation in the Station nightclub, which was present in the Station nightclub on the night of February 20, 2003.

22. Defendant WHJY-FM, upon information and belief, is a corporation or other business organization formed under the laws of the State of Rhode Island and has

its principal place of business in the City of East Providence, County of Providence, State of Rhode Island. Defendant WHJY-FM was a sponsor of the Great White concert at The Station on February 20, 2003.

23. Defendant WHJY-FM is a subsidiary of Defendant Clear Channel Communications, Inc., who, under information and belief, is a corporation organized under the laws of the State of New York and has its principal place of business in the City of New York, County of New York, State of New York.

24. Defendants Does 1 through 100 are unknown to Plaintiff at this time and are sued in this capacity until such time as their identities become known.

25. At some point before February 20, 2003, Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO purchased from Defendant American Foam Insulation a quantity of foam insulation with the intent to use same as soundproofing around the stage at the former Station nightclub.

26. Said foam insulation referred to in Paragraph 24 was not flame retardant.

27. At some point after the purchase referred to in Paragraph 24, Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO cause said foam insulation to be installed around the stage area of the former Station nightclub.

28. At some point before February 20, 2003, Defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White, executed a contract with Defendants Jeffrey Derderian, Michael Derderian, and/or DERCO that provided that the band Great White, whose members on February 20, 2003 were Defendants Jack Russell, Mark Kendall, David Filice, Eric Powers, and the late Ty Longley (who perished in the fire), would play at the former Station nightclub on February 20, 2003.

29. At some point before February 20, 2003, Defendant WHJY-FM, a subsidiary of Defendant Clear Channel Communications, Defendant Anheuser Busch, Inc. and/or Defendant McLaughlin & Moran, Inc. entered into sponsorship agreements with Defendants, Jeffrey Derderian, Michael Derderian, and/or DERCO or Defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White whereby Defendants WHJY-FM, Anheuser-Busch, Inc. and/or McLaughlin & Moran, Inc. would be sponsors of the Great White concert at the Station on February 20, 2003.

30. On the evening of February 20, 2003, Lisa Kelly, decedent, entered the Station nightclub to watch the Great White concert.

31. As part of their sponsorship of the concert, Defendant WHJY-FM, a subsidiary of Defendant Clear Channel Communications, Inc., was the "presenter" of the evening. The on-stage host of the night's entertainment was the late Michael

Gonsalves, (who also perished in the fire) a WHJY-FM disc jockey popularly known as "Doctor Metal." WHJY-FM also had a number of interns who distributed promotional items of WHJY-FM to the crowd.

32. Defendant Anheuser-Busch, Inc. and Defendant McLaughlin and Moran, Inc., as part of their sponsorship of the concert, arranged for a batch of Budweiser beer that was brewed in Defendant Anheuser-Busch Inc.'s New Hampshire brewery to be delivered to The Station by Defendant McLaughlin & Moran for sale that night, so that fans at The Station that night could have the freshest beer that they were ever likely to have. This fact was promoted repeatedly by "Doctor Metal" to the crowd at various times during the evening.

33. As the night progressed at The Station, many other patrons entered the nightclub.

34. The capacity of the former Station nightclub was limited to 300 persons under the Class C licence. Upon information and belief, more than 300 persons occupied the former Station nightclub on the night of February 20, 2003.

35. At approximately 10:40 p.m. on February 20, 2003, the second band of the night, Trip, finished their set and left the stage of the former Station nightclub. At that time, Defendant Daniel Bichele and Defendant Does 1-10 took the stage to disassemble Trip's stage equipment and to assemble Great White's stage equipment.

36. Defendant Daniel Bichele, as part of his duties in setting up the stage for Great White, put in place certain pyrotechnic devices known as "gerbs," manufactured by Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, in front of the drum riser on the stage, and upon or near the back wall, and prepared the pyrotechnic device for later activation.

37. At approximately 11:10 p.m. on February 20, 2003, the band Great White, the members of which are Defendant Jack Russell, Defendant Mark Kendall, Defendant David Filice, Defendant Eric Powers and Decedent Ty Longley, took the stage at The Station.

38. The band played two chords, at which time Defendant Daniel Bichele activated the pyrotechnic device that he previously prepared and placed on the stage.

39. Sparks flew from the pyrotechnic device toward the ceiling and the back wall of the stage.

40. The sparks from the pyrotechnic device ignited the sound insulation on the ceiling above the stage and the back wall of the stage. A fire began on the walls and ceiling on either side of the stage. The fire spread rapidly.

41. After quickly realizing that the resulting fire was not part of Great White's act, decedent Lisa Kelly attempted to make her way to the door of the former Station nightclub.

42. In the ensuing panic when the lights went out, decedent Lisa Kelly was knocked down and other patrons fell upon decedent Lisa Kelly.

43. Decedent Lisa Kelly was suffocated while under a pile of other victims and thereby perished.

44. As a result of the fire at The Station nightclub, 99 people died, including decedent Lisa Kelly, and over 180 people were injured.

45. Jurisdiction in the Superior Court of the County of Providence is based on the residence of Defendant WHJY-FM, which has its principal place of business in the City of East Providence, County of Providence, State of Rhode Island. The damages claimed herein will satisfy the monetary jurisdiction of the Superior Court of the County of Providence.

## COUNT ONE
**Jeffrey Derderian**

46. Paragraphs 1 through 45, inclusive, are hereby incorporated as if fully set forth herein.

47. The actions or omissions of Defendant Jeffrey Derderian, as part owner of the Station nightclub and Defendant DERCO, jointly and severally with his codefendants, were negligent and were the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to manage, maintain, control, supervise, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

b. Defendant Jeffrey Derderian, his agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23.28.6-15.

c. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

d. Defendant Jeffrey Derderian, his agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant Jeffrey Derderian, his agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-13.

48. Said negligence of Defendant Jeffrey Derderian, his agents, servants, or employees, was the proximate cause, in whole or in part, of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Jeffrey Derderian, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT TWO
### Michael Derderian

49. Paragraphs 1 through 48, inclusive, are hereby incorporated as if fully set forth herein.

50. The actions or omissions of Defendant Michael Derderian, as part owner of the Station nightclub and Defendant DERCO, jointly and severally with his codefendants, were negligent and were the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Michael Derderian, his agents, servants, or employees, failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

b. Defendant Michael Derderian, his agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23.28.6.15.

c. Defendant Michael Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

d. Defendant Michael Derderian, his agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant Michael Derderian, his agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-13.

51. Said negligence of Defendant Michael Derderian, his agents, servants, or employees was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Michael Derderian, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT THREE**
**DERCO**

52. Paragraphs 1 through 51, inclusive, are hereby incorporated as if fully set forth herein.

53. The actions or omissions of Defendant DERCO, jointly and severally with its codefendants were negligent and were, in whole or in part, the proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant DERCO, its agents, servants, or employees failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening on February 20, 2003 prior to and during the Great White concert.

b. Defendant DERCO, its agents, servants, or employees, negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-28.6-15.

c. Defendant DERCO, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of R.I. Gen. Laws § 23-28-11.3.

d. Defendant DERCO, its agents, servants, or employees, allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of R.I. Gen. Laws § 23-28-11.3.

e. Defendant DERCO, its agents, servants, or employees, failed to install, maintain, inspect and manage the former Station nightclub such that emergency lighting and exit signs were operable in the event of fire and/or power outage, which was negligent in and of itself as well as a violation of R.I. Gen. Laws § 23-18.6-13.

54. Said negligence of Defendant DERCO, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant DERCO, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT FOUR**
**Manic Music Management**

55. Paragraphs 1 through 54, inclusive, are hereby incorporated as if fully set forth herein.

56. The actions or omissions of Defendant Manic Music Management, its agents, servants, or employees, jointly and severally with its codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

 a. Defendant Manic Music Management, its agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

 b. Defendant Manic Music Management, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23-28-11.3.

57. Said negligence of Defendant Manic Music Management, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Manic Music Management, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT FIVE**
**Jack Russell, Mark Kendall, David Filice, Eric Powers**
**(collectively as the band known as Great White)**

58. Paragraphs 1 through 57, inclusive, are hereby incorporated as if fully set forth herein.

59. The actions or omissions of Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers, (collectively as the band known as Great White), their agents, servants, or employees, jointly or severally with their codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws 23.28.11.3.

60. Said negligence of Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers (collectively as the band known as Great White), their agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers, individually and/or collectively as the band known as Great White, jointly or severally with their codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT SIX**
**Daniel Bichele**

61. Paragraphs 1 through 60, inclusive, are hereby incorporated as if fully set forth herein.

62. The actions or omissions of Defendant Daniel Bichele, his agents, servants, or employees, jointly and severally with his codefendants, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Daniel Bichele, his agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendants Daniel Bichele, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

63. Said negligence of Defendant Daniel Bichele, his agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Daniel Bichele, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT SEVEN**
**Paul Woolnough**

64. Paragraphs 1 through 63, inclusive, are hereby incorporated as if fully set forth herein.

65. The actions or omissions of Defendant Paul Woolnough, his agents, servants, or employees, individually or as the principal of Defendant Manic Music Management or Defendant Knight Records, Inc., were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Paul Woolnough, his agents, servants, or employees, were negligent in the use, operation, supervision, management, and installation of

the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendant Paul Woolnough, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

66. Said negligence of Defendant Paul Woolnough, his agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Paul Woolnough, jointly or severally with his codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT EIGHT**
**Knight Records, Inc.**

67. Paragraphs 1 through 66, inclusive, are hereby incorporated as if fully set forth herein.

68. The actions or omissions of Defendant Knight Records, Inc, its agents, servants, or employees, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. Defendant Knight Records, Inc, its agents, servants, or employees, were negligent in the use, operation, management, and installation of the pyrotechnics used during the performance of the band Great White at the Station nightclub on February 20, 2003.

b. Defendant Knight Records, Inc, its agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of R.I. Gen. Laws § 23.28-11.3.

69. Said negligence of Defendant Knight Records, Inc, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Knight Records, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT NINE**
**Anheuser-Busch, Inc.**

70. Paragraphs 1 through 69, inclusive, are hereby incorporated as if fully set forth herein.

71. The liability of Defendant Anheuser-Busch, Inc is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant Anheuser-Busch, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant Anheuser-Busch, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT TEN**
**McLaughlin & Moran, Inc.**

72. Paragraphs 1 through 71, inclusive, are hereby incorporated as if fully set forth herein.

73. The liability of Defendant McLaughlin & Moran, Inc. is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant McLaughlin & Moran, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant McLaughlin & Moran, Inc.., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

**COUNT ELEVEN**
**Luna Tech, Inc. and Luna Tech Pyrotechnik, GmbH**

74. Paragraphs 1 through 73, inclusive, are hereby incorporated as if fully set forth herein.

75. The actions or omissions of Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

a. That Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, produced and sold the "gerb" style pyrotechnic display to Great White, its agents, servants, or employees for the purpose of providing a pyrotechnic display during Great White's performances.

b. That Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH., its agents, servants, or employees knew or should have known that its pyrotechnics would be used during Great White's

indoor performances and failed to warn Great White, its agents servants, or employees in the proper use of same.

76. Said negligence of Defendant Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

77. Defendants Luna Tech, Inc., a subsidiary of Defendant Luna Tech Pyrotechnik, GmbH, as manufacturer of the pyrotechnics in question, are strictly liable for designing, creating, manufacturing, distributing, selling, and placing in to the stream of commerce the pyrotechnics, an inherently dangerous product.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendants Luna Tech, Inc. and Defendant Luna Tech Pyrotechnik, GmbH jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT TWELVE
### American Foam Corporation

78. Paragraphs 1 through 77, inclusive, are hereby incorporated as if fully set forth herein.

79. The actions or omissions of Defendant American Foam Corporation were negligent and were, in whole or in part, the proximate cause of the fire at the Station nightclub on February 20, 2003, in which decedent Lisa Kelly perished, to wit:

   a. That Defendant American Foam Corporation, its agents, servants, or employees, produced and/or sold alleged sound proofing foam to Defendants Jeffrey Derderian, Michael Derderian, DERCO, and/or their agents, servants, and employees for the purpose of providing sound proofing for The Station nightclub.

b. That Defendant American Foam Corporation, its agents, servants, or employees knew or should have known that said soundproofing foam would be installed in an environment subjected to unusual heat sources, including but not limited to stage lighting equipment, matches, cigarettes, and pyrotechnics, yet failed to warn Defendants Jeffrey Derderian, Michael Derderian, DERCO, their agents, servants, or employees that the product was not flame retardant but was, in fact, highly flammable.

80. Said negligence of Defendant American Foam Corporation, its agents, servants, or employees, was, in whole or in part, the proximate cause of the death of decedent Lisa Kelly and the proximate cause of the loss of consortium suffered by Zoe Jean Kingsley, under R.I. Gen. Laws § 10-7-1.2, as well as the proximate cause of the loss of consortium of all other beneficiaries of decedent Lisa Kelly.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant American Foam Corporation, jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

## COUNT THIRTEEN
## WHJY-FM and CLEAR CHANNEL COMMUNICATIONS, INC.

81. Paragraphs 1 through 80, inclusive, are hereby incorporated as if fully set forth herein.

82. The liability of Defendants WHJY-FM and Defendant Clear Channel Communications, Inc., is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees, from which Defendant WHJY-FM and Defendant Clear Channel Communications, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand.

**WHEREFORE,** Plaintiff Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of all beneficiaries of decedent Lisa Kelly, pursuant to R.I. Gen. Laws § 10-7-3, pray that this Honorable court enter judgment in his favor as against Defendant WHJY-FM and Defendant Clear Channel Communications, Inc., jointly or severally with its codefendants, for the wrongful death of decedent Lisa Kelly, for the pain and suffering sustained by decedent Lisa Kelly prior to her death, and for the loss of consortium suffered by Zoe Jean Kingsley and all other beneficiaries of decedent

Lisa Kelly, pursuant to under R.I. Gen. Laws § 10-7-1.2, for compensatory and punitive damages in an amount sufficient to satisfy the jurisdiction of this Honorable Court, as well as for costs of suit and reasonable attorney's fees. Plaintiff names Stefanie DiMaio Larivee as trial counsel. Plaintiff demands a jury trial.

Plaintiff, by his counsel,

Stefanie DiMaio Larivee, Esquire
#6371
215 Broadway
Providence, Rhode Island 02903
(401) 272-3900

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

IN RE: THE STATION FIRE IN
WEST WARWICK, RHODE ISLAND
ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

# PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEMENT ORDER

Petitioners respectfully request that this Court enter an initial case management order to govern the orderly administration of this litigation. In support of this Petition, Petitioners would show:

1. The February 20, 2003 fire at The Station nightclub in West Warwick, Rhode Island resulted in 99 deaths and serious injuries to hundreds of individuals. Presiding Justice Joseph Rogers has appointed Justice Alice Gibney to preside over all litigation arising from this tragic event. To date, the overwhelming majority of potential plaintiffs and their lawyers have refrained from filing suit, although at least three actions are pending. It can reasonably be anticipated that at some point hundreds of claims will be advanced by potential plaintiffs.

2. Numerous plaintiffs and their lawyers have worked cooperatively to permit cases to be filed in an orderly manner and after due investigation. To these ends, your petitioners have taken steps for the benefit of all plaintiffs to secure physical evidence, and this Court has approved those actions. *See* Orders dated March 24, 2003 and March 31, 2003 copies of which are attached.

3. The three proposed Interim Lead Counsel have conferred and discussed the most immediate problems facing the potential parties, and the Court, in this litigation, and propose a Preliminary Case Management Order as Pretrial Order No. 1 in the form submitted with this Petition.

3.24.03

The fundamental purpose of the order is to put in place some initial case management provisions that should be non-controversial, serve the interests of all parties to this litigation, and obviate court hearings on matters that should not be in dispute. These provisions include the establishing of a Master Service List to identify parties (and potential parties) and their counsel, creating a standard caption for pleadings, asking counsel for all parties to familiarize themselves with the ANNOTATED MANUAL FOR COMPLEX LITIGATION THIRD DAVID F. HERR (West 2003), and a requirement that all parties preserve records in their custody that may be relevant to the subject matter of this litigation. Petitioners have retained David F. Herr as a consultant in this litigation.

4. Because of the immediate need for organization of the parties and to give them an opportunity to confer, the undersigned propose appointment of Interim Lead Counsel for the Plaintiffs. Your petitioners aver that this step is necessary and will permit the parties to have the immediate benefits of lead counsel to coordinate and organize the litigation. Attorneys Mark Mandell and Max Wistow have demonstrated their capability, capacity to serve, and their willingness to approach this litigation on a long-term basis and for the benefit of all plaintiffs and, ultimately, all parties. Donald Migliori, of the firm of Ness Motley, shares in these capabilities, capacity and willingness and is well known to this Court from his participation in asbestos litigation. The defendants should be directed to create a similar process for selection of liaison counsel.

5. Petitioners believe that this Court should establish regular status conferences with Interim Lead Counsel for plaintiffs and Liaison Counsel for the defendants, as well as any other interested counsel, and that the proposed order provides for these conferences, in a manner that suits the Court's convenience.

Petitioners believe the entry of this Case Management Order will serve to advance the interests of the sound administration of this litigation and the interests of all parties and respectfully request that it be entered forthwith.

Dated: April 23, 2003

Respectfully submitted,

JUDITH O'BRIEN, LAWRENCE FICK, and DEBORAH LEMAY,
Petitioners by their Attorneys,

Hearing date:
Thursday, May 1st, '03
9:45 A.M.
Courtroom 10
Lisi, J.

Mandell, Schwartz & Boisclair
One Park Row
Providence, RI 02903
Telephone: (401) 273-8330
Facsimile: (401) 751-7830

Mark S. Mandell Bar # 0502
Yvette M. Boisclair Bar # 4199

CLAIR BRUYERE, NANCY A. LEE, and MICHAEL PERREAULT,
Petitioners by their Attorneys,

Wistow & Barylick
61 Weybosset Street
Providence, RI 02903
Telephone: (401) 831-2700
Facsimile: (401) 272-9752

Max Wistow Bar #0330

**CERTIFICATION**

I hereby certify that I mailed a true and accurate copy of the within by regular mail, postage prepaid, to the following on this 23 day of April, 2003.

Kathleen A. Welley

Thomas C. Angelone, Esq.
HODOSH, SPINELLA & ANGELONE
One Turks Head Place, Suite 1050
Providence, RI 02903

Stephen E. Breggia, Esq.
BREGGIA, BOWEN & GRANDE
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
ROME MCGUIGAN SABANOSH, P.C.
One State Street
Hartford, CT 06103

Brian R. Cunha, Esq.
LAW OFFICES OF BRIAN CUNHA & ASSOCIATES
904 Broadway
East Providence, RI 02914

Anthony F. DeMarco, Esq.
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Marc DeSisto, Esq.
DESISTO LAW
211 Angel Street
Providence, RI 02906

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
SLOANE & WALSH
Three Center Plaza
Boston, MA 02108

Attorney Stefanie DiMaio-Larivee
215 Broadway
Providence, RI 02903

Christopher C. Fallon, Jr., Esq.
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Attorney Joyce A. Faraone
400 Reservoir Avenue, Suite 3G
Providence, RI 02907

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

Scott Hubbell, Esq.
SUMMERS LAW OFFICE
P. O. Box 306
Franklin, MA 02038

Patrick T. Jones, Esq.
COOLEY MANION JONES, LLP
21 Custom House Street
Boston, MA 02110

Laurence H. Leavitt, Esq.
FRIEDMAN, GAYTHWAITE, WOLF & LEAVITT
Six City Center
P.O. Box 4726
Portland, ME 04112

Patrick C. Lynch, Attorney General
RHODE ISLAND DEPARTMENT
OF ATTORNEY GENERAL
150 South Main Street
Providence, RI 02903

Daniel P. McKiernan, Esq.
146 Westminster Street
Providence, RI 02903

Donald Migliori, Esq.
NESS MOTLEY
321 South Main Street, Suite 402
Providence, RI 02903

Steven A. Minicucci, Esq.
373 Elmwood Avenue
Providence, RI 02907

Ralph J. Monaco, Esq.
CONWAY & LONDREGAN
38 Huntington Street
P. O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI 02903

Mark T. Nugent, Esq.
Paul Sullivan, Esq.
MORRISON, MAHONEY & MILLER
One Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886

Russell X. Pollock, Esq.
CAMPBELL, CAMPBELL, EDWARDS & CONROY
One Constitution Plaza
Boston, MA 02129

Charles N. Redihan, Jr., Esq.
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903

James A. Ruggieri, Esq.
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esq.
REVENS REVENS & ST. PIERRE, P.C.
946 Centerville Road
Warwick, RI 02886

Attorney Ann Scheeley
LAW OFFICE OF DONALD E. GREENE
2235 Washington Street
Roxbury, MA 02119

Randall L. Souza, Esq.
Fred A. Kelly, Jr., Esq.
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903

Mark D. Tourgee, Esq.
INMAN & TOURGEE
1193 Tiogue Avenue
Coventry, RI 02816

Timothy A. Williamson, Esq.
INMAN & TOURGEE
1193 Tiogue Avenue
Coventry, RI 02816

Max Wistow, Esq.
WISTOW & BARYLICK
61 Weybosset Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
MANDELL, SCHWARTZ & BOISCLAIR
One Park Row
Providence, RI 02903

Mark B. Decof, Esquire
DECOF & DECOF, P.C.
One Smith Hill
Providence, RI 02903

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

IN RE: THE STATION FIRE IN WEST WARWICK, RHODE ISLAND ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

**PETITION FOR APPOINTMENT AS INTERIM LEAD COUNSEL**

Petitioners respectfully request that this Court enter an order appointing their counsel, Mark B. Decof, Decof & Decof, P.C., and Patrick T. Jones, Cooley Manion Jones LLP, as Interim Lead Counsel on behalf of plaintiffs, in addition to any other attorneys this Court deems appropriate. Petitioners further request that, after such appointments, this Court consider adoption of a Preliminary Case Management Order. In support of this Petition, Petitioners state:

1. The February 20, 2003, fire at The Station nightclub in West Warwick, Rhode Island resulted in 99 deaths and serious injuries to hundreds of individuals. Presiding Justice Joseph Rodgers has appointed Justice Alice B. Gibney to preside over all litigation arising from this tragic event. To date, the vast majority of potential plaintiffs and their lawyers have refrained from filing suit, although at least two actions are pending in this Court. It can reasonably be anticipated that hundreds of claims will be filed by these plaintiffs at some point.

2. Numerous plaintiffs and their lawyers have worked cooperatively to permit cases to be filed in an orderly manner and after due investigation. To these ends, the undersigned have taken steps for the benefit of all plaintiffs to secure physical evidence, and this Court has authorized those actions in orders dated March 24, 2003 and March 21, 2003.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

FILED
... CLERK
APR 24 P 2:1

3. This Court will ultimately need to appoint Lead Counsel for the plaintiffs and Liaison Counsel (or possibly Lead Counsel) for the defendants. Because of the immediate need for organization of the parties and to give them an opportunity to confer, the undersigned propose appointment of Interim Lead Counsel for the plaintiffs, naming them, in addition to any other attorneys the Court deems appropriate. The undersigned aver that this step is necessary and will permit the parties to have the immediate benefits of lead counsel to coordinate and organize the litigation and yet still have the opportunity to have the question of who should permanently serve in that capacity determined at a later date.

4. Attorney Mark Decof has already functioned in this role *de facto* and has demonstrated his capability, capacity to serve, and his willingness to approach this litigation, and commit the resources of his firm, on a long-term basis and for the benefit of all plaintiffs and, ultimately, all parties. He currently represents 20 claimants and estates of claimants arising out of this fire. He has retained the team of investigators, including the coordinating investigator, that has been responsible for the accomplishment of Phase I and Phase II of the process of identification, collection, preservation, and storage of evidence taken from the fire scene, and has been in communication with many of the attorneys representing other victims regarding insuring the orderly the conduct of this litigation.

5. Attorney Patrick T. Jones, of Cooley Manion Jones, LLP, a member of the bars of Rhode Island and Massachusetts, is an experienced civil trial lawyer with substantial experience in the trial and resolution of catastrophic injury claims, including catastrophic fire litigation. He currently represents approximately 25 claimants and

estates of claimants for claims arising out of this fire. He is committed to representation of his client, and to act for the benefit of all plaintiffs in this litigation.

6. Both Attorney Decof and Attorney Jones believe it is in the best interests of all claimants, and all parties, that they be appointed Interim Lead Counsel.

WHEREFORE, the undersigned request that they be appointed Interim Lead Counsel, on behalf of plaintiffs, in addition to any other attorneys this Court deems appropriate, and that, after such appointments, this Court consider adoption of a Preliminary Case Management Order.

NOTICE OF HEARING

PLEASE TAKE NOTICE that this petition will be called for hearing on May 1, 2003 at 9:45 a.m. before the Honorable Alice B. Gibney in Courtroom 10.

Respectfully submitted,

ROBERT W. RAGER, LUIS F. ALVES, and MARY A. ALVES,

By their Attorneys,

Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

Mark B. Decof Bar #2357

SCOTT VIEIRA, Administrator of the Estate of KELLY LYNN VIEIRA

By his Attorneys,

Cooley Manion Jones, LLP
21 Custom House Street
Boston, Massachusetts 02110-3536
Telephone: (617) 737-3100
Facsimile: (617) 737-3113

Patrick T. Jones gsf

Patrick T. Jones Bar #6636

**CERTIFICATION**

I hereby certify that I mailed a true and accurate copy of the within document by regular mail, postage prepaid from Decof & Decof, P.C., One Smith Hill, Providence, RI 02903 to the below listed attorneys on the 24 day of April 2003.

Donna Marie Santoro

Thomas C. Angelone, Esq.
HODOSH SPINELLA & ANGELONE, PC
One Turks Head Place, Suite 1050
PO Box 1516
Providence, RI 02901-1516

Stephen E. Breggia, Esq.
Breggia Bowen & Grande
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
Rome Mcguigan Sabanosh, P.C.
One State Street
Hartford, CT 06103

Brian R. Cunha, Esq.
Law Offices of Brian Cunha & Associates
904 Broadway
East Providence, RI 02914

Anthony F. DeMarco, Esq.
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Marc DeSisto, Esq.
DESISTO LAW
211 Angel Street
P.O. Box 2563
Providence, RI 02906-2563

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloane & Walsh
3 Center Plaza
Boston, MA 02108

Christopher C. Fallon, Jr., Esq.
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Joyce A. Faraone, Esq.
400 Reservoir Avenue
Suite 3G
Providence, RI 02907

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

James Howe, Esq.
215 Broadway
Providence, RI 02903

Scott Hubbell, Esq.
Summers Law Office
P.O. Box 306
Franklin, MA 02038-0306

Patrick T. Jones, Esq.
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110

Stefanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

Laurence H. Leavitt, Esq.
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Patrick C. Lynch, Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
MANDELL, SCWARTZ & BOISCLAIR, LTD.
One Park Row
Providence, RI 02903

Daniel P. McKiernan, Esq.
146 Westminster Street
Providence, RI 02903

Donald A. Migliori, Esq.
Ness Motley Loadholt Richardson & Poole
321 South Main Street
Suite 402
Providence, RI 02903

Steven A. Minicucci, Esq.
373 Elmwood Avenue
Providence, RI 02907

Ralph J. Monaco, Esq.
Conway & Londregan
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esq.
155 South Main Street
Suite 303
Providence, RI 02903

Mark T. Nugent, Esq.
Paul Sullivan, Esq.
Morrison, Mahoney & Miller
One Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
Olenn & Penza, LLP
530 Greenwich Avenue
Warwick, RI 02886

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129

Charles N. Redihan, Jr., Esq.
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
The Hay Building
123 Dyer Street
Providence, RI 02903-3987

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esq.
Revens Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886

Ann Scheeley, Esq.
Law Office of Donald E. Greene
2235 Washington Street
Roxbury, MA 02119

Randall L. Souza, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Mark D. Tourgee, Esq.
Inman & Tourgee
1193 Tiogue Avenue
Coventry, RI 02816

Timothy A. Williamson, Esq.
Inman & Tourgee
1193 Tiogue Avenue
Coventry, RI 02816

Max Wistow, Esq.
WISTOW & BARYLICK
61 Weybosset Street
Providence, RI 02903

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

In RE: THE STATION FIRE
In WEST WARWICK, RI
ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

MOTION FOR CONTINUANCE OF HEARING AND EXTENSION OF TIME IN WHICH TO OBJECT AND RESPOND TO THE PETITION FOR APPOINTMENT AS INTERIM LEAD COUNSEL

Now comes the Town of West Warwick and hereby moves for an extension of time in which to object and respond to Petitioners', Attorneys Mark B. Decof and Patrick T. Jones, on behalf of Robert W. Rager, Luis F. Alves, Mary A. Alves, and Scott Vieira, administrator of the Estate of Kelly Lynn Vieira, Petition for Appointment as Interim Lead Counsel. The Town hereby requests a thirty (30) day continuance of the hearing on the instant and an extension of time within which to object and respond to the same. In support thereof, the Town relies upon the Omnibus Memorandum submitted in Support of the Town's Motion for a Continuance of Hearing and Extension of Time in Which to Object and Respond to the Petition For Entry Of Preliminary Case Management Order and Petition to Appoint Interim Lead Counsel.

Town of West Warwick,
By their attorney,

Marc DeSisto

Marc DeSisto, Esq. #2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
Fax: 272-9937
E-Mail: marc@desistolaw.com

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2003 APR 28 P 2: 56

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 28th day of April, 2003, to:

Thomas C. Angelone, Esq.
1 Turks Head Place
Providence, RI 02903

Brian R. Cuhna, Esq.
Brian Cuhna & Associates
904 Broadway
East Providence, RI 02914

Mark B. Decof, Esq.
Decof & Decof
One Smith Hill
Providence, RI 02903

Anthony F. DeMarco, Esq.
Reynolds DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Stefanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

James Lee, Esq.
Chief, Civil Division
Dept. of Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
1 Park Row
Providence, RI 02903

Daniel P. Mc Kiernan, Esq.
146 Westminster Street
Providence, RI 02903

Mark T. Nugent, Esq.
1 Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick, RI 02886

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloan & Walsh
3 Center Plaza
Boston, MA 02108

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903-3500

Mark Tourgee, Esq.
Assistant Solicitor
Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

Timothy A. Williamson, Esq.
Solicitor, Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

Max Wistow, Esq.
Wistow & Barylick Inc
61 Weybosset Street
Providence, RI 02903

Stephen E. Breggia, Esq.
Breggia, Bowen & Grande
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103

Christopher C. Fallon, Jr. Esq.
Reyolds, DeMarco, & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Attorney Joyce A. Faraone
400 Reservoir Ave, Suite 3G
Providence, RI 02907

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

Scott Hubbell, Esq.
Summers Law Office
P.O. Box 306
Franklin, MA 02038

Patrick T. Jones, Esq.
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110

Laurence H. Leavitt, Esq.
Friedman, Gaythwaite,
Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Donald Migliori, Esq.
Ness Motley
321 South Main St, Suite 402
Providence, RI 02907

Ralph J. Monaco, Esq.
Conway & Londregan
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI 02903

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esq.
Revens Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886

Attorney Ann Scheeley
Law Office of Donald E. Greene
2235 Washingon Street
Roxbury, MA 02119

Randall L. Souza, Esq.
Fred A. Kelly, Jr. Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 700
Providence, RI 02903

Steven Minicucci
373 Elmwood Avenue
Providence, RI 02907

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

In RE: THE STATION FIRE
In WEST WARWICK, RI
ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

OMNIBUS MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE OF HEARING AND EXTENSION OF TIME IN WHICH TO OBJECT AND RESPOND TO THE PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEMENT ORDER AND PETITION TO APPOINT INTERIM LEAD COUNSEL

The Town of West Warwick moves for an extension of time in which to object and respond to Petitioners', Judith O'Brien, Lawrence Fick, Deborah LeMay, Clair Bruyere, Nancy A. Lee, and Michael Perreault, Petition for Entry of Preliminary Case Management Order and Petitioners', and Attorneys Mark B. Decof and Patrick T. Jones, on behalf of Robert W. Rager, Luis F. Alves, Mary A. Alves, and Scott Vieira, administrator of the Estate of Kelly Lynn Vieira, Petition for Appointment as Interim Lead Counsel. The Town submits that it received a copy of said Petitions, scheduled to be heard on Thursday, May 1, 2003, on or about Wednesday, April 23, 2003, and Friday, April 25, 2003, respectively.

The Town requests a thirty (30) day continuance of the hearing on the instant petitions and an extension of time within which to object and respond to the same. The Town submits that the seven (7) day (five (5) business days) notice provided in the instant case does not give the Town sufficient time to review the Petitions and respond to the same. The Town submits in the first instance that the short notice provided does not

FILED
HENRY S. KINCH JR., CLERK
2003 APR 28 P 2:50

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

grant potential co-defendants to the suits the opportunity to confer with each other, their respective experts, or to properly research and address the patent jurisdictional issues raised by the entry of the instant Preliminary Order. More specifically, the Town has previously informed this Court as well as the Petitioners that the Town intends to invoke federal jurisdiction by virtue of *28 U.S.C. § 1369* upon the filing and service of any State complaints against the Town. In fact, there is currently an action in Federal Court, seeking to invoke federal jurisdiction pursuant to 28 U.S.C. § 1369. The Town would thus initially submit that any Preliminary Case Management Order should properly be entered by the Federal Court, or at a minimum, made in conjunction with the Federal Court. In David F. Herr's *Annotated Manual for Complex Litigation, Third (*hereinafter "*Annotation"),* Mr. Herr makes clear that cooperation between state and federal courts is of the utmost importance and the linchpin to successful preliminary management of complex litigation. *Annotation, at 431-432.*

The short response time provided by the filing and scheduling of the instant Petition deprives the Town of the opportunity to properly research and address these issues or to arrange for a joint Order from the Federal Court dictating both the federal ad state litigants' actions.

WHEREFORE, the Town respectfully requests an additional thirty (30) days in which to Object and respond to the instant Petitions.

Town of West Warwick,
By their attorney,

Marc DeSisto, Esq. #2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
Fax: 272-9937
E-Mail: marc@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 28th day of April, 2003, to:

K Calise

Thomas C. Angelone, Esq.
1 Turks Head Place
Providence, RI 02903

Brian R. Cuhna, Esq.
Brian Cuhna & Associates
904 Broadway
East Providence, RI 02914

Mark B. Decof, Esq.
Decof & Decof
One Smith Hill
Providence, RI 02903

Anthony F. DeMarco, Esq.
Reynolds DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Stefanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

James Lee, Esq.
Chief, Civil Division
Dept. of Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
1 Park Row
Providence, RI 02903

Daniel P. Mc Kiernan, Esq.
146 Westminster Street
Providence, RI 02903

Mark T. Nugent, Esq.
1 Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick, RI 02886

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloan & Walsh
3 Center Plaza
Boston, MA 02108

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903-[illegible]

Mark Tourgee, Esq.
Assistant Solicitor
Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

Timothy A. Williamson, Esq.
Solicitor, Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

Max Wistow, Esq.
Wistow & Barylick Inc
61 Weybosset Street
Providence, RI 02903

Stephen E. Breggia, Esq.
Breggia, Bowen & Grande
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103

Christopher C. Fallon, Jr. Esq.
Reyolds, DeMarco, & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Attorney Joyce A. Faraone
400 Reservoir Ave, Suite 3G
Providence, RI 02907

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

Scott Hubbell, Esq.
Summers Law Office
P.O. Box 306
Franklin, MA 02038

Patrick T. Jones, Esq.
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110

Laurence H. Leavitt, Esq.
Friedman, Gaythwaite,
Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Donald Migliori, Esq.
Ness Motley
321 South Main St, Suite 402
Providence, RI 02907

Ralph J. Monaco, Esq.
Conway & Londregan
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI 02903

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards &
Conroy
One Constitution Plaza
Boston, MA 02129

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esq.
Revens Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886

Attorney Ann Scheeley
Law Office of Donald E. Greene
2235 Washingon Street
Roxbury, MA 02119

Randall L. Souza, Esq.
Fred A. Kelly, Jr. Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 700
Providence, RI 02903

Steven Minicucci
373 Elmwood Avenue
Providence, RI 02907

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC

In RE: THE STATION FIRE
In WEST WARWICK, RI
ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

MOTION FOR CONTINUANCE OF HEARING AND EXTENSION OF TIME IN WHICH TO OBJECT AND RESPOND TO THE PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEMENT ORDER

Now comes the Town of West Warwick and hereby moves for an extension of time in which to object and respond to Petitioners', Judith O'Brien, Lawrence Fick, Deborah LeMay, Clair Bruyere, Nancy A. Lee, and Michael Perreault, Petition for Entry of Preliminary Case Management Order. By order of this Court, this Petition is scheduled to be heard on Thursday, May 1, 2003. The Town hereby requests a thirty (30) day continuance of the hearing on the instant petition and an extension of time within which to object and respond to the same. In support thereof, the Town relies upon the Omnibus Memorandum submitted in Support of the Town's Motion for a Continuance of Hearing and Extension of Time in Which to Object and Respond to the Petition For Entry Of Preliminary Case Management Order and Petition to Appoint Interim Lead Counsel, attached and incorporated herein.

Town of West Warwick,
By their attorney,

Marc DeSisto, Esq. #2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
Fax: 272-9937
E-Mail: marc@desistolaw.com

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 APR 28 P 2: 50

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 28th day of April, 2003, to:

R Calise
______________________

Thomas C. Angelone, Esq.
1 Turks Head Place
Providence, RI 02903

Brian R. Cuhna, Esq.
Brian Cuhna & Associates
904 Broadway
East Providence, RI 02914

Mark B. Decof, Esq.
Decof & Decof
One Smith Hill
Providence, RI 02903

Anthony F. DeMarco, Esq.
Reynolds DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Stefanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

James Lee, Esq.
Chief, Civil Division
Dept. of Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
1 Park Row
Providence, RI 02903

Daniel P. Mc Kiernan, Esq.
146 Westminster Street
Providence, RI 02903

Mark T. Nugent, Esq.
1 Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick, RI 02886

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloan & Walsh
3 Center Plaza
Boston, MA 02108

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903-3500

Mark Tourgee, Esq.
Assistant Solicitor
Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

Timothy A. Williamson, Esq.
Solicitor, Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

Max Wistow, Esq.
Wistow & Barylick Inc
61 Weybosset Street
Providence, RI 02903

Stephen E. Breggia, Esq.
Breggia, Bowen & Grande
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103

Christopher C. Fallon, Jr. Esq.
Reyolds, DeMarco, & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Attorney Joyce A. Faraone
400 Reservoir Ave, Suite 3G
Providence, RI 02907

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

Scott Hubbell, Esq.
Summers Law Office
P.O. Box 306
Franklin, MA 02038

Patrick T. Jones, Esq.
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110

Laurence H. Leavitt, Esq.
Friedman, Gaythwaite,
Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Donald Migliori, Esq.
Ness Motley
321 South Main St, Suite 402
Providence, RI 02907

Ralph J. Monaco, Esq.
Conway & Londregan
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI 02903

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards &
Conroy
One Constitution Plaza
Boston, MA 02129

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esq.
Revens Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886

Attorney Ann Scheeley
Law Office of Donald E. Greene
2235 Washington Street
Roxbury, MA 02119

Randall L. Souza, Esq.
Fred A. Kelly, Jr. Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 700
Providence, RI 02903

Steven Minicucci
373 Elmwood Avenue
Providence, RI 02907

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

In RE: THE STATION FIRE
In WEST WARWICK, RI
ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

## THE TOWN OF WEST WARWICK'S OBJECTION TO THE PETITION FOR APPOINTMENT AS INTERIM LEAD COUNSEL

Now comes the Town of West Warwick and hereby objects to Petitioners', Attorneys Mark B. Decof and Patrick T. Jones, on behalf of Robert W. Rager, Luis F. Alves, Mary A. Alves, and Scott Vieira, administrator of the Estate of Kelly Lynn Vieira, Petition for Appointment as Interim Lead Counsel. In support thereof, the Town relies upon the Memorandum of Law to be submitted.

Town of West Warwick,
By their attorney,

Marc DeSisto

Marc DeSisto, Esq. #2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
Fax: 272-9937
E-Mail: marc@desistolaw.com

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 APR 28 P 2:50

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 28th day of April, 2003, to:

KCates

Thomas C. Angelone, Esq.
1 Turks Head Place
Providence, RI 02903

Brian R. Cuhna, Esq.
Brian Cuhna & Associates
904 Broadway
East Providence, RI 02914

Mark B. Decof, Esq.
Decof & Decof
One Smith Hill
Providence, RI 02903

Anthony F. DeMarco, Esq.
Reynolds DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Stefanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

James Lee, Esq.
Chief, Civil Division
Dept. of Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
1 Park Row
Providence, RI 02903

Daniel P. Mc Kiernan, Esq.
146 Westminster Street
Providence, RI 02903

Mark T. Nugent, Esq.
1 Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick, RI 02886

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloan & Walsh
3 Center Plaza
Boston, MA 02108

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903-3500

Mark Tourgee, Esq.
Assistant Solicitor
Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

Timothy A. Williamson, Esq.
Solicitor, Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

Max Wistow, Esq.
Wistow & Barylick Inc
61 Weybosset Street
Providence, RI 02903

Stephen E. Breggia, Esq.
Breggia, Bowen & Grande
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103

Christopher C. Fallon, Jr. Esq.
Reyolds, DeMarco, & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Attorney Joyce A. Faraone
400 Reservoir Ave, Suite 3G
Providence, RI 02907

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

Scott Hubbell, Esq.
Summers Law Office
P.O. Box 306
Franklin, MA 02038

Patrick T. Jones, Esq.
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110

Laurence H. Leavitt, Esq.
Friedman, Gaythwaite,
Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Donald Migliori, Esq.
Ness Motley
321 South Main St, Suite 402
Providence, RI 02907

Ralph J. Monaco, Esq.
Conway & Londregan
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI 02903

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards &
Conroy
One Constitution Plaza
Boston, MA 02129

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esq.
Revens Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886

Attorney Ann Scheeley
Law Office of Donald E. Greene
2235 Washington Street
Roxbury, MA 02119

Randall L. Souza, Esq.
Fred A. Kelly, Jr. Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 700
Providence, RI 02903

Steven Minicucci
373 Elmwood Avenue
Providence, RI 02907

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

In RE: THE STATION FIRE
In WEST WARWICK, RI
ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

THE TOWN OF WEST WARWICK'S OBJECTION TO THE PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEMENT ORDER

Now comes the Town of West Warwick and hereby objects to Petitioners', Judith O'Brien, Lawrence Fick, Deborah LeMay, Clair Bruyere, Nancy A. Lee, and Michael Perreault, Petition for Entry of Preliminary Case Management Order. In support thereof, the Town relies upon the Memorandum of Law, to be submitted.

Town of West Warwick,
By their attorney,

Marc DeSisto

Marc DeSisto, Esq. #2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
Fax: 272-9937
E-Mail: marc@desistolaw.com

... attest
Henry S. Kinch, Jr.
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 APR 28 P 2:50

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 28th day of April, 2003, to:

[signature]

Thomas C. Angelone, Esq.
1 Turks Head Place
Providence, RI 02903

Brian R. Cuhna, Esq.
Brian Cuhna & Associates
904 Broadway
East Providence, RI 02914

Mark B. Decof, Esq.
Decof & Decof
One Smith Hill
Providence, RI 02903

Anthony F. DeMarco, Esq.
Reynolds DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Stefanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

James Lee, Esq.
Chief, Civil Division
Dept. of Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
1 Park Row
Providence, RI 02903

Daniel P. Mc Kiernan, Esq.
146 Westminster Street
Providence, RI 02903

Mark T. Nugent, Esq.
1 Providence Washington Plaza
Providence, RI 02903

J. Renn Olenn, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick, RI 02886

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloan & Walsh
3 Center Plaza
Boston, MA 02108

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903-3100

Mark Tourgee, Esq.
Assistant Solicitor
Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

Timothy A. Williamson, Esq.
Solicitor, Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Ave
Coventry, RI 02816

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

Max Wistow, Esq.
Wistow & Barylick Inc
61 Weybosset Street
Providence, RI 02903

Stephen E. Breggia, Esq.
Breggia, Bowen & Grande
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103

Christopher C. Fallon, Jr. Esq.
Reyolds, DeMarco, & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Attorney Joyce A. Faraone
400 Reservoir Ave, Suite 3G
Providence, RI 02907

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

Scott Hubbell, Esq.
Summers Law Office
P.O. Box 306
Franklin, MA 02038

Patrick T. Jones, Esq.
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA 02110

Laurence H. Leavitt, Esq.
Friedman, Gaythwaite,
Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Donald Migliori, Esq.
Ness Motley
321 South Main St, Suite 402
Providence, RI 02907

Ralph J. Monaco, Esq.
Conway & Londregan
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI 02903

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards &
Conroy
One Constitution Plaza
Boston, MA 02129

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esq.
Revens Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI 02886

Attorney Ann Scheeley
Law Office of Donald E. Greene
2235 Washington Street
Roxbury, MA 02119

Randall L. Souza, Esq.
Fred A. Kelly, Jr. Esq.
Nixon Peabody LLP
One Citizens Plaza, Suite 700
Providence, RI 02903

Steven Minicucci
373 Elmwood Avenue
Providence, RI 02907

*F:\Data\Client\Marc\JohnDoe2003\Certification.doc*

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

IN RE: THE STATION FIRE IN WEST WARWICK, RI ON FEBRUARY 20, 2003

M.P. NO.: 03-1326
M.P. NO.: 03-1346
C.A. NO.: 03-1171
C.A. NO.: 03-1084

## ORDER

This matter came on to be heard before Ms. Justice Gibney on the Town of West Warwick's Oral Motion for an Order from this Court to close The Station property to any and all parties as of this date, namely May 1, 2003, and to allow the Town of West Warwick to close said site and to clean said property, including but not limited to filling in said foundation, removing the fencing which surrounds the site, as well as whatever work the Town deems appropriate and necessary for the public health, safety and welfare of said site.

Moreover, as of May 1, 2003, the Plaintiffs, and specifically Attorneys, DeCof, Mandell and Wistow, are no longer responsible for the payment of police protection at said site.

After Hearing thereon, it is hereby:

**ORDERED, ADJUDGED AND DECREED:**

1. That The Station property may be closed to any and all parties as of May 1, 2003;
2. That Plaintiffs, and specifically Attorneys, DeCof, Mandell and Wistow, are no longer responsible for the payment of police protection at said site.

ENTERED as an Order of this Court this 6th day of May, 2003.

ENTERED:

Gibney, J.
_______________ J.

PER ORDER:

Denise McGuerthin
Deputy Clerk
5/6/03

PRESENTED BY:

Mark D. Tourgee, Esq. #3296
1193 Tiogue Avenue
Coventry, RI 02816
(401) 823-9200

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 MAY -6 P 3: 01

# CERTIFICATION

I hereby certify that I forwarded a true copy of the within Order to Ms. Justice Gibney, Providence County Superior Court, 250 Benefit Street, Providence, RI 02903, and to all counsel of record as follows, by regular mail, postage pre-paid, on this 2nd day of May, 2003.

Thomas C. Angelone, Esq.
HODOSH, SPINELLA & ANGELONE
One Turks Head Place, Suite 1050
Providence, RI 02903

Brian R. Cunha, Esq.
BRIAN CUNHA & ASSOCIATES
904 Broadway
East Providence, RI 02914

Anthony F. DeMarco, Esq.
REYNOLDS, DeMARCO & BOLAND, LTD.
170 Westminister Street, Suite 200
Providence, RI 02903

Mark S. Mandell, Esq.
MANDELL, SCWARTZ & BOISCLAIR
One Park Road
Providence, RI 02903

James Lee, Esq., Chief, Civil Division
DEPT. OF ATTORNEY GENERAL
STATE OF RHODE ISLAND
150 South Main Street
Providence, RI 02903

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
SLOAN & WALSH
3 Center Plaza
Boston, MA 02108

Daniel P. McKiernan, Esq.
LAW OFFICE OF DANIEL P. MCKIERNAN
146 Westminster Street
Providence, RI 02903

Charles N. Redihan, Jr., Esq.
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903

Mark T. Nugent, Esq.
MORRISON, MAHONEY & MILLER
One Providence Washington Plaza, 6th Floor
Providence, RI 02903

Marc DeSisto, Esq.
DESISTO LAW
211 Angell Street, P.O. Box 2563
Providence, RI 02906

James A. Ruggieri, Esq.
HIGGINS, CAVANAGH & COONEY, LLP.
123 Dyer Street
Providence, RI 02903

Max Wistow, Esq.
WISTOW & BARYLICK
61 Weybosset Street
Providence, RI 02903

Stephen E. Breggia, Esq.
BREGGIA, BOWEN & GRANDE
395 Smith Street
Providence, RI 02908

Joseph B. Burns, Esq.
ROME, McGUIGAN, SABANOSH, P.C.
One State Street
Hartford, CT 06103

Christopher C. Fallon, Jr., Esq.
REYNOLDS, DeMARCO & BOLAND, LTD.
170 Westminister Street, Suite 200
Providence, RI 02903-2196

Joyce A. Faraone, Esq.
400 Reservoir Avenue, Suite 3G
Providence, RI 02907

James P. Howe, Esquire
215 Broadway
Providence, RI 02903

Patrick T. Jones, Esq.
COOLEY, MANION, JONES, LLP.
21 Custom House Street
Boston, MA 02110

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Steven A. Minicucci, Esq.
JOHN N. CALVINO LAW ASSOCIATES
373 Elmwood Avenue
Providence, RI 02907

Michael A. St. Pierre, Esq.
REVENS, REVENS & ST. PIERRE, P.C.
946 Centerville Road
Warwick, RI 02886

Randall L. Souza, Esq.
Fred A. Kelly, Jr., Esq.
NIXON PEABODY, LLP.
One Citizens Plaza, Suite 700
Providence, RI 02903

Gerald C. DeMaria, Esq.
HIGGINS, CAVANAGH & COONEY, LLP.
123 Dyer Street
Providence, RI 02903

Ronald J. Resmini, Esq.
155 South Main Street, Suite 400
Providence, RI 02903

Scott Hubbell, Esq.
SUMNER LAW OFFICE
P.O. Box 306
Franklin, MA 02038

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI 02903

Donald Migliori, Esq.
NESS, MOTLEY
321 South Main Street, Suite 402
Providence, RI 02903

Stephanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

Marc B. Decof, Esq.
DECOF & DECOF, P.C.
One Smith Hill
Providence, RI 02903

Ann Scheeley, Esq.
LAW OFFICE OF DONALD E. GREENE
2235 Washington Street
Roxbury, MA 02119

Russell X. Pollack, Esq.
CAMPBELL, CAMPBELL,
EDWARDS & CONROY
One Constitution Plaza
Boston, MA 02129

Daniel J. Horgan, Esq.
HORGAN LAW OFFICES
5 Shaw's Cove, Suite 200
New London, CT 06320

Daniel T. Carillo, Esq.
51 Jefferson Boulevard
Warwick, RI 02888

George L. Santopietro, Esq.
COIA & LEPORE, LTD.
226 South Main Street
Providence, RI 02903

David E. Russell, Esq.
RUSITZKY AND RUSSELL
324 Union Street
New Bedford, MA 02740

Robert I. Reardon, Jr., Esq.
THE REARDON LAW FIRM, P.C.
160 Hempstead Street
P.O. Drawer 1430
New London, CT 06320

Ralph J. Monaco, Esq.
CONWAY & LONDREGAN
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Janet J. Goldman, Esq.
51 Jefferson Boulevard, Suite 7
Warwick, RI 02888

Paul J. Fearns, Esq.
200 Centerville Road, Suite One
Warwick, RI 02886

Kenneth A. Schreiber, Esq.
SCHREIBER & SCHREIBER
37 Sockanosset Cross Road
Cranston, RI 02920

Laurence H. Leavitt, Esq.
FRIEDMAN, GAYTHWAITE,
WOLF & LEAVITT
Six City Center
P.O. Box 4726
Portland, ME 04112

J. Renn Olenn, Esq.
OLENN & PENZA, LLP.
530 Greenwich Avenue
Warwick, RI 02886

DOCKET EVENT LISTING

CASE NO.: PS2003 1171 TYPE STATION-WRONGFUL DEATH Complaint and Cover Sheet
TITLE: RONALD KINGSLEY,ET AL VS JEFFREY DERDERIAN,ET ALS
FILING DATE: 03-10-2003 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

(1)

| | | | |
|---|---|---|---|
| ANHEUSER BUSCH INC | BDF | Unknown,Attorney | AOR |
| AMERICAN FOAM CORPORATION | BDF | Unknown,Attorney | AOR |
| BICHELE,DANIEL | DEF | Unknown,Attorney | AOR |
| CLEAR CHANNEL COMMUNICATIONS I | BDF | Unknown,Attorney | AOR |
| DERCO | BDF | Unknown,Attorney | AOR |
| DERDERIAN,JEFFREY | DEF | Unknown,Attorney | AOR |
| DERDERIAN,MICHAEL | DEF | Unknown,Attorney | AOR |
| FILICE,DAVID | DEF | Unknown,Attorney | AOR |
| KELLY,LISA DECE | PLF | Dimaio-Larivee,Stefanie | AOR |
| KNIGHT RECORDS INC | BDF | Unknown,Attorney | AOR |
| KINGSLEY,RONALD GUARD | PLF | Dimaio-Larivee,Stefanie | AOR |
| KINGSLEY,ZOE JEAN | PLF | Dimaio-Larivee,Stefanie | AOR |
| KENDELL,MARK | DEF | Unknown,Attorney | AOR |
| LUNA TECH PYROTECHNIK | BDF | Unknown,Attorney | AOR |
| LUNA TECH INC | BDF | Unknown,Attorney | AOR |
| MCLAUGHLIN AND MORAN INC | BDF | Unknown,Attorney | AOR |
| MANIC MUSIC MANAGEMENT | BDF | Unknown,Attorney | AOR |
| POWERS,ERIC | DEF | Unknown,Attorney | AOR |
| RUSSELL,JACK | DEF | Unknown,Attorney | AOR |
| THE STATION | BDF | Unknown,Attorney | AOR |
| WHJY FM | BDF | Unknown,Attorney | AOR |
| WOOLNOUGH,PAUL | DEF | Unknown,Attorney | AOR |

DOC. ID. DATE JUDGE OUTCOME EFFECTIVE DATE

(2) JM 04-09-2003
AMENDED COMPLAINT FILED

(3) NM 04-23-2003 Gibney,Alice B
ORDER ENTERED
PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEMENT ORDER****SEE ORDER FOR DETAILS********

(4) NM 04-24-2003
PETITION FILED
FOR APPOINTMENT AS INTERIM LEAD COUNSEL

(5) NM 04-28-2003
MOTION FOR CONTINUANCE
******TO BE HEARD BEFORE TRIAL JUDGE********

(6) NM 04-28-2003
MEMORANDUM FILED
IN SUPPORT OF MCT OF PLF

(7) NM 04-28-2003
MOTION FOR ENLARGEMENT OF TIME
******NO HEARING DATE*******

NM 04-28-2003
(8) OBJECTION FILED
OF TOWN OF WEST WARWICK TO THE PETITION FOR APPOINTMENT AS INTERIM LEAD COUNSEL******NO HEARING DATE********

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

| DOC. ID. | DATE | JUD | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|

(9) NM 04-28-2003
OBJECTION FILED
TO THE PETITION FOR ENTRY OF PRELIMINARY CASE MANAGMENT ORDER******NO HEARING DATE********

(10) NM 05-06-2003 Gibney,Alice B
ORDER ENTERED GRANTED
THAT THE STATION PROPERTY MAY BE CLOSED TO ANY AND ALL PARTIES AS OF 05-01-03*******SEE ORDER FOR DETAILS*******

(11) NM 05-08-2003
MEMORANDUM FILED
IN SUPPORT OF OBJ TO THE PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEMENT ORDER

(12) NM 05-09-2003 Gibney,Alice B
PRE TRIAL ORDER ENTERED GRANTED
THIS ORDER SHALL APPLY TO & GOVERN ALL PENDING ACTIONS,PETITONS RELATING TO OR ARISING FROM THE 02-20-03 AS WELL AS ANY ACTIONS THAT MAY BE FI

(13) NM 05-09-2003 Gibney,Alice B
PRE TRIAL ORDER ENTERED GRANTED
NUMBER 2********SEE ORDER FOR DETAILS*******

(14) KJS 05-15-2003
ORDER FOR TRANSCRIPT FILED

(15) NM 05-27-2003 Gibney,Alice B
PRE TRIAL ORDER ENTERED GRANTED
NO. 2(CASE MANAGMENT ORDER)*******SEE ORDER FOR DETAILS********

(16) KJS 05-30-2003
NOTICE OF REMOVAL

KJS 05-30-2003
CASE REMOVED TO U.S. DISTRICT CT

rue Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

DOCKET EVENT LISTING

CASE NO.: PS2003 1171 TYPE STATION-WRONGFUL DEATH
TITLE: RONALD KINGSLEY,ET AL VS JEFFREY DERDERIAN,ET ALS
FILING DATE: 03-10-2003 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| ANHEUSER BUSCH INC | BDF | Unknown,Attorney | AOR |
| AMERICAN FOAM CORPORATION | BDF | Unknown,Attorney | AOR |
| BICHELE,DANIEL | DEF | Unknown,Attorney | AOR |
| CLEAR CHANNEL COMMUNICATIONS I | BDF | Unknown,Attorney | AOR |
| DERCO | BDF | Unknown,Attorney | AOR |
| DERDERIAN,JEFFREY | DEF | Unknown,Attorney | AOR |
| DERDERIAN,MICHAEL | DEF | Unknown,Attorney | AOR |
| FILICE,DAVID | DEF | Unknown,Attorney | AOR |
| KELLY,LISA DECE | PLF | Dimaio-Larivee,Stefanie | AOR |
| KNIGHT RECORDS INC | BDF | Unknown,Attorney | AOR |
| KINGSLEY,RONALD GUARD | PLF | Dimaio-Larivee,Stefanie | AOR |
| KINGSLEY,ZOE JEAN | PLF | Dimaio-Larivee,Stefanie | AOR |
| KENDELL,MARK | DEF | Unknown,Attorney | AOR |
| LUNA TECH PYROTECHNIK | BDF | Unknown,Attorney | AOR |
| LUNA TECH INC | BDF | Unknown,Attorney | AOR |
| MCLAUGHLIN AND MORAN INC | BDF | Unknown,Attorney | AOR |
| MANIC MUSIC MANAGEMENT | BDF | Unknown,Attorney | AOR |
| POWERS,ERIC | DEF | Unknown,Attorney | AOR |
| RUSSELL,JACK | DEF | Unknown,Attorney | AOR |
| THE STATION | BDF | Unknown,Attorney | AOR |
| WHJY FM | BDF | Unknown,Attorney | AOR |
| WOOLNOUGH,PAUL | DEF | Unknown,Attorney | AOR |

DOC. ID. DATE JUDGE OUTCOME EFFECTIVE DATE

JM 04-09-2003
AMENDED COMPLAINT FILED
NM 04-23-2003 Gibney,Alice B
ORDER ENTERED
PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEMENT ORDER****SEE ORDER FO R DETAILS********
NM 04-24-2003
PETITION FILED
FOR APPOINTMENT AS INTERIM LEAD COUNSEL
NM 04-28-2003
MOTION FOR CONTINUANCE
******TO BE HEARD BEFORE TRIAL JUDGE********
NM 04-28-2003
MEMORANDUM FILED
IN SUPPORT OF MCT OF PLF
NM 04-28-2003
MOTION FOR ENLARGEMENT OF TIME
******NO HEARING DATE*******
NM 04-28-2003
OBJECTION FILED
OF TOWN OF WEST WARWICK TO THE PETITION FOR APPOINTMENT AS INTERIM LEAD COUNSEL******NO HEARING DATE********

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|

NM 04-28-2003
OBJECTION FILED
TO THE PETITION FOR ENTRY OF PRELIMINARY CASE MANAGMENT ORDER******NO HEARING DATE********
NM 05-06-2003 Gibney,Alice B
ORDER ENTERED GRANTED
THAT THE STATION PROPERTY MAY BE CLOSED TO ANY AND ALL PARTIES AS OF 05 -01-03*******SEE ORDER FOR DETAILS*******
NM 05-08-2003
MEMORANDUM FILED
IN SUPPORT OF OBJ TO THE PETITION FOR ENTRY OF PRELIMINARY CASE MANAGEM ENT ORDER
NM 05-09-2003 Gibney,Alice B
PRE TRIAL ORDER ENTERED GRANTED
THIS ORDER SHALL APPLY TO & GOVERN ALL PENDING ACTIONS,PETITONS RELATIN G TO OR ARISING FROM THE 02-20-03 AS WELL AS ANY ACTIONS THAT MAY BE FI
NM 05-09-2003 Gibney,Alice B
PRE TRIAL ORDER ENTERED GRANTED
NUMBER 2********SEE ORDER FOR DETAILS*******
KJS 05-15-2003
ORDER FOR TRANSCRIPT FILED
NM 05-27-2003 Gibney,Alice B
PRE TRIAL ORDER ENTERED GRANTED
NO. 2(CASE MANAGMENT ORDER)*******SEE ORDER FOR DETAILS********
KJS 05-30-2003
NOTICE OF REMOVAL
KJS 05-30-2003
CASE REMOVED TO U.S. DISTRICT CT

rue Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

| | | | |
|---|---|---|---|
| IN RE: | THE STATION FIRE IN | : | M.P. NO.: 03-1326 |
| | WEST WARWICK, RHODE ISLAND | : | M.P. NO.: 03-1346 |
| | ON FEBRUARY 20, 2003 | : | C.A. NO.: 03-1171 |
| | | : | C.A. NO.: 03-1084 |

**PRETRIAL ORDER NO. 1**
(Preliminary Case Management Order)

This Court having been specially assigned to preside over all Superior Court litigation arising from the February 20, 2003 fire at The Station nightclub in West Warwick, Rhode Island, and it appearing that the just, speedy and inexpensive resolution of the pending and anticipated litigation will be advanced by early and specific administration by this Court,

It is clear that this case presents the likelihood of significantly complex litigation that will impose substantial burdens on the courts and parties. The Court is advised and knows that the vast majority of potential claimants have not filed suit and there is no requirement that they do so at such an early date. Indeed, there is substantial benefit to all parties to have the cases ultimately filed proceed in a uniform, coordinated manner.

In order to establish a preliminary structure and case management procedure for this case,

IT IS HEREBY ORDERED THAT

1. This order shall apply to and govern all pending actions, petitions relating to or arising from the February 20, 2003 Station fire as well as any actions that may be filed in the future.

2. **Service List**. The Clerk, with the assistance of the parties and their counsel, including Interim Lead Counsel, Interim Associate Counsel and Interim Liaison Counsel for Defendants, as appoint by the Court, is directed to maintain a list of all parties and petitioners. This list shall also include the names of the lawyers, their addresses, phone and fax numbers, and e-mail addresses where service can be made of all notices, pleadings or other papers, other than those required to be served under Rule 4 of the Rhode Island Superior Court Rules of Civil Procedures. Any lawyer may be placed in the list by providing this information to Interim Lead Counsel, Interim Associate Counsel, Interim Liaison Counsel for Defendants and the Clerk.

3. As to procedures for Case Management, Counsel are expected to familiarize themselves with the *Annotated Manual for Complex Litigation* (Third) (David F. Herr, ed. 2003) and be prepared at future conferences to suggest additional case management procedures.

4. **Pretrial Conferences**. The Court intends to hear monthly conferences and hearings in this case. Interim Lead Counsel, Interim Associate Counsel and Interim Liaison Counsel for Defendants will prepare an agenda for these conferences, including hearing of any motions that have been duly served and filed and are ready for hearing. In addition, the Court will be available to hear motions or other requests, if necessary, on other dates as needs dictate.

5. **Caption**. All papers filed in these cases will bear the caption set forth above. If the paper relates to all actions, it shall so state; if it relates to a single action, an abbreviated form of that caption should be included after the general caption.

6. **Interim Lead Counsel and Interim Associate Counsel.** This Court finds it appropriate to appoint Interim Lead Counsel and Interim Associate Counsel for the purposes of:

(1) supervising the gathering, preservation and testing of evidence for the prosecution of civil claims;

(2) conducting and coordinating activities for the purpose of making recommendations to the Court for the appointment of Permanent Lead Counsel and/or a Plaintiffs' Steering Committees and any other committees;

(3) proposing an appropriate mechanism for funding the joint litigation activities of the Plaintiffs' Steering Committees, including reimbursement of expenses on an ongoing basis and assessments for payment of fees on an equitable basis.

(4) initiating and coordinating appropriate discovery, including pre-filing discovery;

(5) coordinating the court filings and arguments before the Court on issues common to all plaintiffs.

Interim Lead Counsel are:

**Mark S. Mandell, Esquire**
MANDELL, SCHWARTZ & BOISCLAIR
One Park Row
Providence, RI 02903

**Max Wistow, Esquire**
WISTOW & BARYLICK INCORPORATED
61 Weybosset Street
Providence, RI 02903

Interim Associate Counsel is:

**Patrick Jones, Esquire**
COOLEY MANION JONES, LLP
21 Custom House Street
Boston, MA 02110

Appointment of Interim Associate Counsel is conditional upon said counsel's shouldering an appropriate portion of both the resources and the funding demanded by this endeavor. The Court will confer with Interim Lead Counsel and Interim Associate Counsel next Wednesday, May 14, 2003 at 8:30 a.m. to confirm details of this arrangement.

The Court finds these lawyers represent a substantial group of plaintiffs, have demonstrated their ability to work together for the benefit of all plaintiffs, and have the ability and resources to discharge the duties of Interim Lead Counsel and Interim Associate Counsel. The Interim Lead Counsel and Interim Associate Counsel shall serve until further order of this Court.

7. **Liaison Counsel**. This Court finds it appropriate to appoint Interim Liaison Counsel for the purposes of:

(1) facilitating communications between Court and defense counsel and between Interim Lead Counsel and Interim Associate Counsel and defense counsel,

(2) facilitating receiving and distributing notices, orders, motions, briefs and other communications on behalf of defendants, convening meetings of counsel, and otherwise assisting in organization and coordination of activities.

Liaison Counsel is:

**James A. Ruggieri, Esquire**
HIGGINS, CAVANAGH & COONEY
123 Dyer Street
Providence, RI 02903

8. **Privileges Preserved**. No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

**ENTER:**

Gibney J

**Alice B. Gibney**
**Associate Justice**

**DATE:** 5/9/03

**BY ORDER:**

Denise McGuckin

Deputy **Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD KINGSLEY, as parent and Next Friend of ZOE JEAN KINGSLEY, a minor, and on behalf of all beneficiaries of LISA KELLY, decedent, | ) | |
| Plaintiff, | ) | |
| vs. | ) | C.A NO: 03-208L |
| | ) | PC 03-1171 |
| JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, d/b/a The Station, MANIC MUSIC MANAGEMENT, JACK RUSSELL, MARK KENDELL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., MCLAUGHLIN AND MORAN, INC., LUNA TECH, INC., LUNA TECH PYROTECHNIK GmbH, AMERICAN FOAM CORPORATION, WHJY-FM, CLEAR CHANNEL COMMUNICATIONS, INC. and Does 1 through 100, | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendant ANHEUSER-BUSCH, INC. ("Anheuser-Busch"), by its undersigned attorneys, hereby gives notice of its removal of this action, pursuant to 28 U.S.C. § 1369, 28 U.S.C. § 1441(e), and 28 U.S.C. § 1446, to the United States

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2003 MAY 30 P 12: 52

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

District Court for the District of Rhode Island. In support thereof Defendant states as follows:

INTRODUCTION

1. On February 20, 2003, during a pyrotechnic display accompanying the performance by the band Great White, a fire broke out at The Station nightclub located in West Warwick, Rhode Island resulting in the deaths of 100 people and injuries to 180 more. Within weeks multiple lawsuits were filed, in both federal and state courts, and many more have been threatened. This action and two others were originally filed in the Rhode Island Superior Court. One action was filed in this Court and has been assigned to the Honorable Judge Ronald R. Lagueux.[1] These actions include many of the same defendants. Anheuser-Busch is named as a defendant in all but one of the actions.[2]

2. This Court has jurisdiction over this case under the newly enacted Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA"), effective November 2, 2002. The MMTJA vests federal courts with original jurisdiction over

[1]In accordance with Local Rule 31, a Notice Of Pendency Of Other Actions Or Proceedings is attached hereto as Exhibit A.

[2]On May 30, 2003, Anheuser-Busch also filed a Notice of Removal in *Kinan v. DERCO d/b/a "THE STATION," et al.*, the other Rhode Island state case in which it is a defendant asserting subject matter jurisdiction under 28 U.S.C. §§ 1369 and 1332.



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

actions involving a single accident at a discrete location resulting in the death of at least 75 persons. 28 U.S.C. § 1369 (2003).[3]

3. This action is removable under 28 U.S.C. § 1441(e), which was revised at the time Section 1369 was enacted to set forth the criteria for removing actions governed by Section 1369. This action is removable under Section 1441(e)(1)(A) because the action could have been originally filed under Section 1369. Alternatively and independently, this action is also removable under Section 1441(e)(1)(B) because Anheuser-Busch is a party to an action filed in the United States District Court for the District of Rhode Island under Section 1369 that arises from the same accident as this action. *See Passa v. Derderian, et al.* 03 CV 148 ("the *Passa* action").

NATURE OF THE RELATED ACTIONS

The State Court Case

4. Plaintiff, Ronald Kingsley, as parent and next friend of Zoe Jean Kingsley, a minor, and on behalf of the beneficiaries of decedent Lisa Kelly, filed this action seeking damages for the death of Lisa Kelly at The Station on February 20, 2003. A copy of the Complaint filed in the Rhode Island Superior Court is attached hereto as Exhibit B.

---

[3]The purpose of the MMTJA is to create a mechanism by which all actions of this type can be resolved together in a single federal forum. *House Conference Report* 107–685; Public Law 107-273, Sec. 11020; Multiparty, Multiforum Trial Jurisdiction Act of 2002.



True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

5. Plaintiff alleges that shortly after the band Great White began its performance, sparks from the pyrotechnic device ignited the sound insulation on the ceiling and the back wall of the stage resulting in a fire which claimed 99 lives. *Id.* at ¶¶ 39-43. At least one more person has since died from injuries attributable to the fire.

6. Other defendants in this action include Jeffrey Derderian, Michael Derderian, DERCO d/b/a The Station, Manic Music Management, Jack Russell, Mark Kendell, Dave Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., McLaughlin and Moran, Inc., Luna Tech, Inc., Luna Tech Pyrotechnik GmbH, American Foam Corp., WHJY-FM, Clear Channel Communications, Inc. and Does 1 through 100. *Id.* at ¶¶ 4-15, 17-23.

7. As to Anheuser-Busch, Plaintiff alleges that "the liability of Anheuser-Busch is established by their sponsorship and marketing efforts at the Great White concert at The Station on February 20, 2003. . . . " *id.* at ¶ 70, an allegation that Anheuser-Busch denies.

<u>The Related Federal Court Action</u>

8. Anheuser-Busch was recently named as a defendant in the *Passa* action, pending before the Honorable Judge Ronald R. Lagueux, which was filed on April 22, 2003 on behalf of three plaintiffs, two of whom were injured in the



rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

fire and a third whose husband died in the fire. A copy of the Second Amended Complaint is attached hereto as Exhibit C.

9. Subject matter jurisdiction in the *Passa* action is based on 28 U.S.C. § 1369. *See Id.* at ¶ 6. Anheuser-Busch filed its appearance on May 29, 2003.

SUBJECT MATTER JURISDICTION

10. This Court has subject matter jurisdiction over this action under Section 1369(a) which provides that:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1369(a)(1)-(3) (2003).[4]

11. Minimal diversity exists in this action because at the time of the filing of the action and at all times since, Anheuser-Busch, Inc. is a corporation organized under the laws of the state of Missouri, with its principal place of business in St. Louis, Missouri, and plaintiffs are citizens and residents of the state of Rhode Island. Exhibit B; ¶¶ 1, 16.

[4]Section 1369(b) should not act to limit this Court's jurisdiction in light of the varied citizenship of the parties involved.



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

12. Jurisdiction is proper under two of the three independent bases set forth in Section 1369(a). The requirement of Section 1369(a)(1) is satisfied because the residency[5] of one defendant, Anheuser-Busch, a Missouri resident, differs from the state where a substantial part of the accident occurred.

13. In addition, Section 1369(a)(2) is satisfied because at least two of the defendants reside in different states, as it is alleged that the members of the band Great White, their tour manager and their record company are California residents. *Id.* at ¶¶ 8-15. In addition, defendant Luna Tech, Inc. and its parent company Luna Tech Pyrotechnik GmbH are alleged to be residents of Alabama and Germany, respectively. *Id.* at ¶¶ 18, 19. Finally, upon information and belief, defendant Clear Channel Communications, Inc. is a Texas resident.

REMOVAL AUTHORITY

14. Removal of this action is authorized under 28 U.S.C. § 1441(e)(1) which provides for removal if:

> (A) the action could have been brought in a United States court under section 1369 [of title 28]; or (B) the defendant is a party to an action which is or could have been brought, in whole or part, under section 1369 in a United States district court and arises from the same accident as the action in the State court, even if the action to be removed could not have been brought in a district court as an original matter.

[5]For purposes of this section, "a corporation is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business." 28 U.S.C. § 1369(c)(2) (2003).



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

28 U.S.C. § 1441(e)(1)(A) and (B). This case is removable under both subsections 1441(e)(1)(A) and (B).

15. Removal is proper under Section 1441(e)(1)(A) because, as established previously, this action could have originally been brought in federal court under Section 1369. *See supra* ¶¶ 10 -13.

16. Removal is also independently proper under Section 1441(e)(1)(B) because Anheuser-Busch is a party to the *Passa* action which was filed in this Court, asserts jurisdiction under Section 1369, and arises out of the same accident as the instant action. *See* Exhibit C at ¶¶ 4-6.

17. This Notice of Removal is timely under Section 1441(e) which provides:

> Removal of an action under this section shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

28 U.S.C. § 1441(e) (2003).

18. As of the date of the filing of this Notice of Removal, Anheuser-Busch had not been served with process in this action, therefore the removal is well within the 30-day period provided for in 28 U.S.C. § 1446(b). Furthermore, upon information and belief, none of the other defendants has been served.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

19. Removal is also timely because this Notice of Removal was filed within 30 days after the date on which Anheuser-Busch first became a party to the *Passa* action, which was filed in this Court under Section 1369 and arises out of the same accident. Moreover, Section1441(e) also provides that removal may take place at a later time with leave of the district court. *See Id.*

20. Unlike the general rule pertaining to actions removable under 28 U.S.C. § 1441(a), consent of all properly joined and served defendants is not required under Section 1441(e). The plain language of Section 1441(e) vests the right of removal in "a defendant" in the singular and thus must be interpreted to allow any defendant to remove without the consent of any other defendants.

21. In the alternative, if, assuming *arguendo*, that the Court found consent to be required for a removal under Section 1441(e), no consent would be required here because at the time of the removal, none of the other defendants had been served. *See Hernandez-Lopez v. Commonwealth of Puerto Rico*, 30 F. Supp. 2d 205, 208 (D.P.R. 1998) (consent requirement extends only to properly joined and served defendants).

COMPLIANCE WITH PROCEDURAL REQUIREMENTS

22. Pursuant to Rule 36 of the Local Rules of the District of Rhode Island for the United States District Court, defendant will file within the next 10 days a certified copy of the state court docket sheet(s), a certified copy of the

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

documents in the state court record, as well as true, correct copies of all process, pleadings, and orders served upon the defendant as of the date of this Notice.

23. Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal is also being filed with the Clerk of the Superior Court of Providence County, Rhode Island and defendant will also promptly give written notice to other parties of the filing of this Notice of Removal.

24. By removing this action to this Court, defendant does not waive any available defenses.

25. Defendant reserves the right to amend or supplement this Notice of Removal.

Dated: May 30, 2003

Respectfully submitted,

Joseph V. Cavanagh, Jr.
Kristin E. Rodgers (JVC Jr.)

Joseph V. Cavanagh, Jr. #1139
Kristin E. Rodgers #4842
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**CERTIFICATION**

I hereby certify that on the 30th day of May, 2003 I caused a true copy of the foregoing Notice of Removal to be sent via first-class mail, postage prepaid to Stefanie DiMaio-Larivee, 215 Broadway, Providence, RI 02903.

Joseph V. Cavanagh Jr.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD KINGSLEY, ET AL. | : | |
| | : | |
| V. | : | C.A. NO. 03-208L |
| | : | |
| JEFFREY DERDERIAN, ET AL. | : | |

AFFIDAVIT

I, Susan G. McMillan, being duly sworn, hereby depose and state :

1. I am employed as a legal assistant by the law firm of Blish & Cavanagh LLP.

2. On several occasions during May, 2003 and again on June 2, 2003, I reviewed the Providence Superior Court file in the civil action of Ronald Kingsley, et al. v. Jeffrey Derderian, et al., Docket Number PS2003-1171, in an attempt to obtain certified copies of all documents listed in the Superior Court's "Docket Event Listing" as having been filed in that case pursuant to Federal Local Rule 36(b).

3. During each of my reviews, I observed that the file was and continued to be incomplete, in that it did not contain all of the items which the Superior Court's "Docket Event Listing" listed as having been filed in this case.

4. Personnel at Providence Superior Court were able to provide me with photocopies of three of the missing items from a loose pile at the Clerk's Office. However, because the Superior Court Clerks could not find the original copies of these three items, they would not certify the copies which I obtained. Thus, due to this problem in locating the

court's original copies, I was only able to obtain plain (and not certified) copies of the following items which are listed in the Superior Court's "Docket Event Listing" :

4-23-03 Order entered by Judge Alice B. Gibney on Petition for Entry of Preliminary Case Management Order [see Tab #3 of the State Court Record]

5-6-03 Order entered by Judge Alice B. Gibney that the Station property may b be closed to any and all parties as of 5-01-03 [see Tab #10 of the State Court Record]

5-9-03 Pre Trial Order entered by Judge Alice B. Gibney, which shall apply to and govern all pending actions . . . [see Tab #12 of the State Court Record].

5. There are four items which appear in the Superior Court's "Docket Event Listing" for this case for which I was not able to locate the original or any copy thereof after a diligent search. The assistant clerk, whom I asked for help, was also not able to locate any of these documents. My efforts to locate these documents included reviewing all the other pending civil cases relating to the fire at The Station, in case the documents had been misfiled or filed in only one of the several cases to which they applied. I did not find the original or any copy of these documents in any of those other files. I also reviewed the "to be filed" pile of documents at the Clerk's Office, containing documents which have already been docketed in the Court's computer but not yet physically filed, but these four documents were not in that pile. The four items for which I made a diligent search but failed to locate are as follows:

5-8-03 Memorandum in support of objection to petition for entry of preliminary case management order [missing from Tab #11 of the State Court Record]

5-9-03 Pre-trial Order Number 2 of Judge Alice B. Gibney [missing from Tab #13 of the State Court Record]

5-15-03 Order for Transcript [missing from Tab #14 of the State Court Record]

5-27-03 Pre-trial Order No. 2 (Case Management Order) of Judge Alice B. Gibney [missing from Tab #15 of the State Court Record].

Susan G. McMillan

Susan G. McMillan

Subscribed to and sworn before me at Providence, Rhode Island on this 2nd day of June, 2003.

Cynthia L. Dragon

Notary Public

CYNTHIA L. DRAGON
Notary Public of Rhode Island
My Commission Expires 3-10-04

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD KINGSLEY, ET AL. :
:
V. : C.A. NO. 03-
:
JEFFREY DERDERIAN, ET AL. :

NOTICE OF PENDENCY OF OTHER ACTIONS AND PROCEEDINGS

Pursuant to Rule 31 of the Local Rules of the District of Rhode Island for the United States District Court, Defendant Anheuser-Busch, Inc. submits the following list of actions and proceedings known to counsel for Anheuser-Busch as of this date:

Providence Superior Court for the State of Rhode Island:

1. C.A. PC03-1084 Linda Roderiques (as wife of Donald Roderiques, deceased), Linda Roderiques (as mother & next friend of Mandi Rodriques, daughter of Donald Roderiques, deceased), Desiree Phillips (as guardian & next friend of Kayla Marie Dorothy Abbenante Ayer, daughter of Tina Marie Ayer, deceased), Eric Malardo, Michelle Malardo, Joseph Rossi (on behalf of Louis Rossi, deceased), Richard Sanetti, Patricia Sanetti, Barbara Guindon, George Guindon, Barbara Guindon (as mother of Erica Guindon), Christopher Scott, Julianna Gaven, Steven Bruno, Michelle Spence, Michelle Spence (as mother and next friend of Hailey Spence) v. Dennis Larocque; Individually And As Fire Inspector for the Town of West Warwick; ERCO d/b/a "The Station"; Manic Music Management, Inc.; Foamex International; General Foam Corporation; American Foam Co.; Luna Tech, Inc.; Luna Tech Pyrotechnik, GmbH; Michael Derderian; Jeffrey Derderian, State of Rhode Island; Irving J. Owens, Individually and in his capacity as Fire Marshall for the State of Rhode Island.
Personal injury claims, including counts for negligence, strict liability, breach of implied warranty of merchantability relating to deaths of and/or injuries to Plaintiffs.
(Atty. - Brian R. Cunha, Esq., BRIAN CUNHA & ASSOCIATES, 904 Broadway, East Providence, RI 02914)

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

2. C.A. PC03-2635 — Joseph K. Kinan, et al. v. Derco d/b/a, et al.
(Atty. - Ann S. Sheeley & Stephen Born, Law Offices of Donald E. Green, P.C., 2235 Washington Street, Roxbury, MA 02119)

3. MP. 03-1326 — Petition of Luis F. Alves & Mary A. Alves (statutory beneficiaries of Louis S. Alves, deceased), Robert W. Rager. Petitioners intend to present civil claims and sought (1) court order authorizing their investigative team to enter premises of The Station to conduct forensic examination and investigation; and (2) permission to subpoena WPRI-TV for all video recordings made at The Station on February 20, 2003.
(Atty. - Mark B. Decof, Decof & Decof, P.C., One Smith Hill, Providence, RI 02903)

4. MP 03-1346 — Petition of Judith O'Brien (mother of Robert J. Reisner, deceased), Lawrence Fick (father & guardian of minor children of Charlene Fick, deceased), Deborah Lemay, Claire Bruyere (mother of Bonnie Hamelin, deceased), Nancy A. Lee (mother of Christopher Prouty, deceased), Michael Perreault. Petitioners intend to present civil claims and have retained a team of fire investigation professionals who wish to conduct on-site investigation. Sought (1) permission for experts to enter site and conduct forensic fire investigation; (2) permission to subpoena WPRI-TV for all video recordings made at The Station on February 20, 2003.
(Attys.: Mark S. Mandell & Yvette M. Boisclair of Mandell, Schwartz & Boisclair, One Park Row, Providence, RI 02903 [re O'Brien, Fick & Lemay] Max Wistow, Wistow & Barylick, Inc., 61 Weybosset Street, Providence, RI 02903 [re Bruyere, Lee & Perreault] )

5. MP 03-1401 — Petition of Renee C Walton (temporary guardian of Gina Gauvin). Intends to present civil claim and has retained fire investigation expert. Seeks permission (1) for expert to enter site to conduct a forensic fire investigation; and (2) permission to subpoena WPRI-TV for all vide recordings made at The Station on February 20, 2003)
(Atty. - Charles N. Redihan, Jr., Kiernan, Plunkett & Redihan, 91 Friendship Street, Providence, RI 02903)

True Copy Attest



Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

6. MP 03-1431

Petition of unnamed manufacturers and providers of certain products or services who are not yet but may be named as defendants in litigation arising out of fire at The Station (a/k/a "Unnamed Defendants"). The petition seeks court's permission for investigative team to enter premises of The Station to conduct forensic examination and investigation under the same conditions as other parties and potential parties to litigation arising out of the Station fire.
(Atty. - Gerald DeMaria & James A. Ruggieri, Higgins, Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903)

Defendant Anheuser-Busch Inc.

By its Attorneys,

Joseph V. Cavanagh, Jr.
Kristin E. Rodgers (JVC Jr.)

Joseph V. Cavanagh, Jr. #1139
Kristin E. Rodgers # 4842
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone: 401-831-8900
Facsimile: 401-751-7542

Dated: May 30, 2003

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island