UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RONALD KINGSLEY, as parent and next friend of ZOE JEAN KINGSLEY, a minor, and on behalf of all beneficiaries of LISA KELLY, decedent,
Plaintiff

v.

JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, d/b/a The Station, MANIC MUSIC MANAGEMENT, JACK RUSSELL, MARK KENDELL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., MCLAUGHLIN AND MORAN, INC., LUNA TECH, INC., LUNA TECH PYROTECHNIK GmbH, AMERICAN FOAM CORPORATION, WHJY-FM, CLEAR CHANNEL COMMUNICATIONS, INC. and Does 1 - 100,
Defendants

C.A. No. 03-CV-208/L

**<u>DEFENDANT MCLAUGHLIN & MORAN, INC. JOINDER IN DEFENDANT ANHEUSER-BUSH, INC.'S NOTICE OF REMOVAL</u>**

Defendant McLaughlin & Moran, Inc. ("McLaughlin & Moran") joins in the notice of removal submitted by Anheuser-Bush, Inc. ("Anheuser-Bush") in the action entitled <u>Kingsley, et al v. Dederian, et al</u>, C.A. No. 03-CV-208/L, filed on May 30, 2003. McLaughlin & Moran adopts and incorporates by reference the authorities and legal reasoning set out in Anheuser-Bush's Notice of Removal.

As further support for removal and the exercise of federal jurisdiction, McLaughlin & Moran further states that it has been named as a party in another action brought under 28 U.S.C. §1369, <u>Henault, et. al v. American Foam, et. al</u>, C.A. No. 03-CV-999, filed on

10

June 5, 2003 in the Federal District Court for the Federal District of Connecticut. That filing occurred after Anheuser-Busch, Inc. had filed its Notice of Removal

The Connecticut claims all relate to injuries resulting from the Station fire referenced in Anheuser-Busch, Inc.'s Notice of Removal. The Connecticut action was filed by ten plaintiffs, all residents of the State of Connecticut. Plaintiffs in the Connecticut action also name non-Rhode Island defendants not previously named in any Rhode Island federal or state actions, specifically, Strawberries, Inc. and Citadel Communications Corporation d/b/a WQGN-FM.

This action is independently removable pursuant to 28 U.S.C. §1441(e)(1). A defendant in a civil action in state court may remove an action to federal court if:

> (B) the defendant is a party to an action which is or could have been brought, in whole or in part, under 1369 ... and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Howard A. Merten, No. 3171
Eric M. Sommers, No. 6213
VETTER & WHITE
Attorneys for Defendant
McLaughlin & Moran, Inc.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: June 30, 2003

CERTIFICATE OF SERVICE

To:

Stephanie DiMaio Larivee, Esq.
215 Broadway
Providence, RI 02903

Ronald J. Resmini, Esq.
155 South Main Street
Providence, RI 02903

Anthony F. DeMarco, Esq.
Boyer, Reynolds & DeMarco, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place, Suite 1050
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Joinder in Defendant Anheuser-Bush, Inc.'s Notice of Removal by mailing first class mail, postage prepaid, on the 30th day of June, 2003.

Lisa A. Lariviere