TRB:ems 03-206 8/19/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD KINGSLEY, ET AL,
Plaintiffs,

VS. C.A. No. 03-208 L

JEFFREY DERDERIAN, ET AL,
Defendants.

**AMICUS CURIAE MEMORANDUM OF LAW**
**BY TRITON REALTY LIMITED PARTNERSHIP**

**Introduction**

DERCO has asserted that removal of this action was defective because it was not done with the consent of all the defendants, the so-called rule of unanimity. The removing defendant, Anheuser-Busch, has opposed this assertion. Although Triton is not a defendant in this particular action it expects this issue to arise in future cases in which it is named as a defendant, and therefore submits this memorandum of law in support of Anheuser-Busch on that issue.

The "rule of unanimity" required for removal of actions from state court to federal court under 28 U.S.C. §1441(a) runs counter to the purposes underlying the recent enactment of the Multiparty, Multiforum Trial Jurisdiction Act of 2002, including the new multiparty, multiforum jurisdictional statute, 28 U.S.C. §1369. That act was designed to enable and encourage the consolidation of single accident mass tort litigation in federal court, and it amended §1441 to include a separate provision authorizing removal of §1369 litigation. That new provision,

36

§1441(e), abandoned the language giving rise to the unanimity rule and substituted language that plainly provides for a single defendant to remove a §1369 action to federal court – with or without the consent of the other defendants.

## Argument

**I.) The rule of unanimity is derived from an interpretation of "the defendant or the defendants" language in §1441(a) and its predecessors.**

The authority for removal is found in 28 U.S.C. §1441. *Augustine v. Target Corporation*, 259 F. Supp.2d 919, 921 (E.D. Mo. 2003). The procedure for removal is described in 28 U.S.C. §1446. *Id.* The authority for removal under §1441(a) is stated in pertinent part as follows:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

(Emphasis added). Section 1446 describes the procedure for exercising the removal right, and provides in pertinent part:

> (a) *A defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . .
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . .

(Emphasis added). Although there is no express requirement in the text of §1441(a) for all defendants in a multi-defendant case to consent to removal for it to be effective, *Paradise*

*Motors, Inc. v. Toyota de Puerto Rico Corp.*, 249 F.Supp.2d 698, 701 (D.V.I. 2003), *Spillers v. Tillman*, 959 F.Supp. 364, 368 (S.D. Miss. 1997), and the term "the defendant or the defendants" has been acknowledged to be ambiguous in that regard, *Hicks v. Emery Worldwide, Inc.*, 259 F.Supp.2d 968, 972 (S.D. Ohio 2003), case law has long established that removal generally requires unanimity among the defendants. *See, e.g., Hicks*, 259 F. Supp.2d at 972; *Paradise Motors, Inc.*, 249 F. Supp.2d at 701; *Spillers*, 959 F.Supp. at 972. The rule of unanimity emanates from an interpretation of the phrase "the defendant or the defendants" set forth in section (a) of the removal authorization statute, §1441.[1]

The case most often cited as the origin of this interpretation of "the defendant or the defendants" phrase and the rule of unanimity is *Chicago Rock Island & Pacific Railway Company v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). In that case the United States Supreme Court addressed a precursor to 28 U.S.C. §1441, the act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. at L. 433, chap. 866 §2), which provided:

---

[1] *See, e.g., Bradford v. Harding*, 28 F.2d 307, 309 (2d Cir. 1960) ("Plaintiff bases his appeal on the long line of decisions that where removal is sought to be effected under the provisions of 28 U.S.C. §1441(a), and its predecessors, . . . all the defendants must join in seeking removal."); *Biggs Corporation v. Wilen*, 97 F. Supp.2d 1040, 1044, n. 3 (D. Nev. 2000) ("This unanimity requirement is based on 28 U.S.C. §1441(a) which provides that "the defendant or the defendants' may remove the case. The courts have read those words to mean that if there is more than one defendant, then the defendants must act collectively to remove the case."); *Blair v. Migliori*, 744 F. Supp. 165, 168 (N.D. Ohio 1990) ("the pertinent jurisdictional provision of the removal statute states that an action may be removed by the defendant or the defendants. 28 U.S.C. §1441(a). As a general rule, Courts have long held that 'defendants,' in this jurisdictional statute, are treated collectively; thus, all defendants must normally join in the removal petition or notice of removal."); *McManus v. Glassman's Wynfield, Inc.*, 710 F.Supp. 1043, 1045 (E.D. Pa. 1989) ("As a general matter, courts have construed §1441(a) as requiring, in cases involving multiple defendants, that all defendants join in the petition are for removal."); *Dackenbach v. Pamida, Inc.*, 683 F.Supp. 1268, 1269 (S.D. Iowa 1988) (citing §1441(a), "[t]he defendant or the defendants language requires that all defendants, except nominal and formal defendants, join in the removal.").

> That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, *may be removed by the defendant or defendants* therein to the circuit court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United Sates are given jurisdiction . . . . may be removed into the circuit court of the United States for the proper district *by the defendant or defendants* therein, being nonresidents of that state.

178 U.S. at 246-7, 20 S.Ct. at 855 (emphasis added). The Court said it was "well-settled" under this language "that a removal could not be effected unless all the parties on the same side of the controversy united in the petition[.]" *Id.* at 248, 20 S.Ct. at 855. Although the rule of unanimity has been discussed in the context of §1446, with some courts going so far as to say §1446(b) requires unanimous consent among defendants, *see, e.g., Paradise Motors, Inc.*, 249 F.Supp.2d at 701, the unanimity requirement was birthed by §1441(a) and its predecessors, and simply guides the application of §1446's thirty-day time limit on removal when removal is sought under the authority of §1441(a).[2]

[2] The 30 day time limit and the rule of unanimity are discussed together when the issue before a court concerns the timing of removal under §1446(b) when multiple defendants are served with initial pleadings on different dates. Many courts follow the "first-served" rule, meaning the 30-day period begins to run when the first defendant is served. *See, e.g., Biggs Corporation v. Wilen*, 97 F.Supp.2d 1040, 1044 (D. Nev. 2000). If the first served defendant fails to remove the action within 30 days of being served, that defendant is precluded from later joining in a petition for removal by later served defendants, who are served after the first defendant's 30-day period. *Id.* The rationale is that the first-served defendant's failure to remove within 30 days of service is equivalent to a decision not to remove which is irrevocable, or at least a waiver of the right to remove. *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1227 (C.D. Calif. 2000). Thus if a subsequently served defendant attempts to remove the action under §1441(a) there can be no unanimity and the removal would be defective. A minority of courts follow the "last-served" rule, however, which allows the last served defendant 30 days from the date he or she is served to file a notice of removal and does not preclude the earlier-served defendants from joining the removal -- even if they had not made a

Here, however, removal was not made under the authority of §1441(a). Rather, it was made under the authority of §1441(e), a wholly new authority for removal enacted with 28 U.S.C. §1369, which created new federal jurisdiction for mass tort litigation arising out of a single accident causing 75 or more deaths.

## II.) Congress abandoned the language that gave birth to the rule of unanimity when it enacted §1441(e),and unanimity is therefore not required under that section.

The issue presented is whether the text of §1441(e) requires consent of all defendants for removal as does the text of §1441(a). Examination of §1441(e) demonstrates it clearly does not. It provides in pertinent part:

> (1) Notwithstanding the provisions of subsection (b) of this section, *a defendant in a civil action in a state court may remove* the action to the district court of the United States for the district and division embracing the place where the action is pending if - -
>
> (A) The action could have been brought in a United States district court under section 1369 of this title; or
>
> (B) The defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.
>
> *The removal of an action under this subsection shall be made in accordance with section 1446 of this title*, except that notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district

---

motion within their own 30-day limit -- and thus there can be unanimity. 107. F. Supp.2d at 1226-1227.

> court that arises from the same accident as the action in state court, or at a later time with leave of the district court.

(Emphasis added).

Examining the text shows an immediate and significant difference between §1441(a) and §1441(e). Section 1441(a) states that an action may be removed "by the defendant or the defendants," while §1441(e) states that "a defendant in a civil action in a State court may remove[.]" It must be presumed that when Congress enacted §1441(e) it was aware the phrase "by the defendant or the defendants," had long been interpreted to require unanimity for removal among all the properly served defendants, and would act with that understanding. *North Star Steel Company v. Thomas*, 515 U.S. 29, 34, 115 S.Ct. 1927, 1930, 132 L.Ed. 27 (1995) ("it is not only appropriate but also realistic to presume that Congress was thoroughly familiar with [our] precedents . . . and that it expect[s] its enactment[s] to be interpreted in conformity with them." (citation omitted)); *Penobscott Nation v. Felhencer*, 169 F.3d 706, 712 (1st Cir. 1999) ("We have long presumed that Congress acts against the background of prior law."). By abandoning language that had been interpreted to require unanimous consent, Congress clearly signaled its intent to abandon the rule of unanimity for actions removed under §1441(e), because it is a "general principle of statutory construction that when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *In re Hart*, 328 F.3d 45, 49 (1st Cir. 2003) (quoting *Barnhardt v. Sigmon Coal Co.*, 534 U.S. 438, 452, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002)).

DERCO does not compare the text of §1441(a) with that of §1441(e). Instead DERCO asserts a §1441(e) removal must be done in accordance with the procedural requirements of

§1446, and that *Chicago Rock Island & Pacific Railway Co.*, interpreted *that* section to require the consent of all defendants for removal. (DERCO Memo. at 17). As has already been demonstrated, *Chicago Rock Island* addressed a removal authorization statute, not a removal procedure statute, and thus was interpreting a precursor of §1441, not §1446. Section 1446 is only concerned with unanimity when removal is invoked under §1441(a), from which the rule arose. Since unanimity is not required for removal under §1441(e), then it is not a factor under §1446.

The language of §1441(e) is plain and unambiguous, "*a defendant*" may remove the action to federal court, and "courts must presume that a legislature says in a statute what it means and means in a statute what it says[.]" *In re Hart*, 328 F.3d at 49. When construing a statute, "the beginning point must be the language of the statute, and when a statute speaks with clarity on an issue, judicial inquiry into the statute's meaning in all but the most extraordinary circumstances, is finished." *Rainey v. Town of Warren*, 80 F.Supp.2d 5, 13 (D.R.I. 2000). Moreover, as defendant Anheuser-Busch has pointed out in its memorandum, the legislative history of the underlying §1441(e) confirms this plain language interpretation. That history states: "[a]ny defendant meeting the requirements of subsection (e)(i) may affect the removal . . . Thus, the general all-defendants requirement for removal contained in subsection (a) of 1441 . . . would not apply to the removal of such actions." H.R. Rep. 102-373. sec. 5. Thus the legislative history demonstrates the plain meaning was the intended meaning, and if a state court action could have been brought in federal court under §1369, "*a* defendant may remove the action" to a federal district court. *See Massachusetts Association of Health Maintenance Organization v. Ruthardt*, 194 F.3d 176, 189 (1st Cir. 1999) ("[w]e sometime have looked to legislative history to confirm textual intuitions.").

## Conclusion

The plain purpose of §1369 and §1441(e) is to encourage and enable the consolidation of mass tort litigation in the federal courts. If the rule of unanimity did apply to removal under §1441(e) a single defendant could prevent the consolidation of the cases in federal court, causing dispersed and fragmented litigation. Congress realized this probability and drafted §1441(e) to prevent that from happening.

For above stated reasons Triton Realty Limited Partnership asks this Court to determine that 28 U.S.C. §1441(e) does not encompass the rule of unanimity, and it therefore does not require the consent of all defendants for removal of a state court action to federal court.

Triton Realty Limited Partnership
By its Attorneys,

HANSON CURRAN LLP

James T. Murphy (by TRB)
James T. Murphy, Esq. #1698

Thomas R. Bender
Thomas R. Bender, Esq. #2799
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 - Fax

and

Scott J. Tucker (by TRB)

Scott J. Tucker (BBO #503940)
Tucker Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696 – Telephone
(617) 227-9191 – Fax
admitted pro hac vice

**PROOF OF SERVICE**

I hereby certify that on this 26 day of August, 2003, I served the within document by mailing a copy of same to the following:

Thomas C. Angelone, Esq.
HODOSH, SPINELLA & ANGELONE, P.C.
One Turks Head Place, Suite 1050
Providence, RI 02903-2205

Stephen E. Breggia, Esq.
BREGGIA, BOWEN & GRANDE
395 Smith Street
Providence, RI 02908

Brian Cunha, Esq.
LAW OFFICES OF BRIAN CUNHA & ASSOC.
904 Broadway
East Providence, RI 02914

Joyce A. Faraone, Esq.
400 Reservoir Avenue
Suite 3G
Providence, RI 02907

Anthony F. DeMarco, Esq.
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Marc DeSisto, Esq.
DESISTO LAW
211 Angell Street, P.O. Box 2563
Providence, RI 02906-2563

Curtis R. Diedrich, Esq.
Edward T. Hinckey, Esq
SLOANE & WALSH
3 Center Plaza
Boston, MA 02108

Christopher C. Fallon, Jr., Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103-3508

Ronald J. Resmini, Esq.
155 South Main Street
Providence, RI 02903

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

Scott Hubbell, Esq.
SUMMERS LAW OFFICE
P.O. Box 306
Franklin, MA 02038-0306

Stephanie Larivee-DiMaio, Esq.
James Howe, Esq.
215 Broadway
Providence, RI 02903

Eva Marie Mancuso, Esq.
387 Atwells Avenue
Providence, RI 02909

Max Wistow, Esq.
WISTOW & BARYLICK INCORPORATED
61 Weybosset Street
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette Boisclair, Esq.
MANDELL, SCHWARTZ & BOISCLAIR
One Park Row
Providence, RI 02903

Oleg Nikolyszyn, Esq.
155 South Main Street
Suite 303
Providence, RI 02903

J. Renn Olenn, Esq.
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886

James A. Ruggieri, Esq.
HIGGINS, CAVANAGH & COONEY
The Hay Building
123 Dyer Street
Providence, RI 02903-3987

Patrick T. Jones, Esq.
COOLEY MANION JONES, LLP
21 Custom House Street
Boston, MA 02110

James R. Lee, Esq.
Department of Attorney General
150 South Main Street
Providence, RI 02903

Steven A. Minicucci, Esq.
373 Elmwood Avenue
Providence, RI 02907

Donald A. Migliori, Esq.
NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE
321 South Main Street, Suite 402
Providence, RI 02903

Ralph J. Monaco, Esq.
CONWAY & LONDREGAN
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Mark T. Nugent, Esq.
Paul Sullivan, Esq.
MORRISON, MAHONEY & MILLER
One Providence Washington Plaza
Providence, RI 02903

Charles N. Redihan, Jr., Esq.
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903

Mark D. Tourgee, Esq.
Timothy A. Williamson, Esq.
INMAN & TOURGEE
1193 Tiogue Avenue
Coventry, RI 02816

Michael A. St. Pierre, Esq.
REVENS, REVENS & ST. PIERRE, P.C.
946 Centerville Road
Warwick, RI 02886

Randall L. Souza, Esq.
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

William P. Robinson, III, Esq.
Stephen M. Prignano, Esq.
EDWARDS & ANGELL
2800 Financial Plaza
Providence, RI 02903

Andrew Trevelis, Esq.
REED SMITH LLP
259 Liberty Place
Philadelphia, PA 19103-7301

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI 02910

Amy Scheeley, Esq.
LAW OFFICE OF DONALD E. GREENE
2235 Washington Street
Roxbury, MA 02119

Faith LaSalle, Esq.
Zizik, LaSalle & Powers, P.C.
40 Westminster St., Suite 201
Providence, RI 02903

Edward M. Crane, Esq.
Deborah G. Solomor, Esq.
SKADDEN, ARPS, SLATE, MAGER & FLOM (Illinois)
333 West Wacker Drive
Chicago, IL 60606

W. Thomas McGough, Jr., Esq.
James J. Restivo, Esq.
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Howard A. Merten, Esq.
Eric M. Sommers, Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903

Thomas R. Bender
____________________________
of Hanson Curran LLP