**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RONALD KINGSLEY, ET AL.<br>Plaintiffs.<br><br>v.<br><br><br>JEFFREY DERDERIAN, et al.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 03-208-L<br>(Adopting 04-312-L) |

**DEFENDANTS'[1] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' NOTICE OF ADOPTION OF THE THIRD AMENDED MASTER COMPLAINT**

NOW COME defendants Knight-Celotex Lisbon Falls LLC, Knight Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC (collectively, "Knight") and for their answer and affirmative defenses to the Plaintiffs' Notice of Adoption of the Third Amended Master Complaint filed in Ronald Kingsley, et al. v. Jeffrey Derderian, et al., C.A. No. 03-208L (Kingsley Doc. # 126) state as follows:

Plaintiffs have adopted the Third Amended Master Complaint filed in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case"). In response to Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, Knight adopts and incorporates herein Knight's Answer and Affirmative Defenses to the Third Amended Master Complaint filed in the Gray Case. See Gray Doc. # 865.

Further, in response to the additional allegations contained in Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, Knight states as follows:

---

[1] Defendants are Knight-Celotex Lisbon Falls, LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC. Plaintiffs are those named in the Notice of Adoption of Third Amended Master Complaint filed in Ronald Kingsley, et al. v. Jeffrey Derderian, et al., C.A. No. 03-208L (Kingsley Doc. # 126).

1. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 1.

2. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 2.

3. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 3.

4. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 4.

5. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 5.

6. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiffs' Notice of Adoption of the

Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 6.

7. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 7.

8. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 8.

9. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 9.

10. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiffs' Notice of Adoption of the Third Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 10.

**WHEREFORE**, Defendants Knight-Celotex Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC pray that:

(a) the Third Amended Master Complaint and Plaintiffs' Notice of Adoption of the Third Amended Master Complaint be dismissed with prejudice as to Knight-Celotex

Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC;

(b) Plaintiffs' demand for relief against Knight-Celotex Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC be denied in every respect;

(c) Knight-Celotex Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) the Court grant such other and further relief as maybe just, proper, and equitable.

Dated: August 18, 2006

Respectfully submitted,

DEFENDANTS[2]

By: /s/ David E. Maglio, Esq.
David E. Maglio, R.I. Reg. No. 3459
David E. Maglio & Associates, P.C.
101 Dyer Street
Providence, RI 02903
Tel: (401) 831-5400
Fax: (401) 831-7979

Timothy B. Hardwicke, Esq.
Meghan H. Sullivan, Esq.
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
Tel: (312) 876-7700
Fax: (312) 993-9767
Timothy.Hardwicke@lw.com
Meghan.Sullivan@lw.com
Admitted *Pro Hac Vice*

[2] See n.1, supra.

## CERTIFICATE OF SERVICE

I hereby certify that the following document was sent via ECF to those who are currently on the list to receive e-mail notices for this case.

- Thomas C. Angelone, Esq.
  angelonelaw@aol.com
- Steven T. Armato, Esq.
  sarmato@cetcap.com
- Charles L. Babcock, Esq.
  cbabcock@jw.com
- Thomas R. Bender, Esq.
  trb@hansoncurran.com
- C. Russell Bengtson, Esq.
  rbengtson@ckmlaw.com
- Joseph V. Cavanagh, Jr., Esq.
  jvc@blishcavlaw.com
- Robert P. Corrigan, Esq.
  rpcorrigan@conversent.net
- Edward M. Crane, Esq.
  ecrane@skadden.com
- Ronald J. Creamer, Esq.
  resminilaw@yahoo.com
- Michael R. DeLuca, Esq.
  mrd@gsm-law.com
- Anthony F. DeMarco, Esq.
  tdemarco@conversent.net rdblaw@conversent.net
- Gerald C. DeMaria, Esq.
  gdemaria@hcc-law.com
- Curtis R. Diedrich, Esq.
  cdiedrich@sloanewalsh.com
- John J. Flanagan, Esq.
  jflanagan@torti.com
- Bennett R. Gallo, Esq.
  brg@ndgrb.com
- Mark C. Hadden, Esq.
  mhadden@mhaddenlaw.com
- William M. Heffernan, Esq.
  HeffernanLaw@aol.com
- John G. Hines, Esq.
  Hines-Patz@conversent.net
- Fred A. Kelly, Jr., Esq.
  fkelly@nixonpeabody.com ProEfile@nixonpeabody.com
- Ronald P. Langlois, Esq.
  rlanglois@smithbrink.com

- James R. Lee, Esq.
  jlee@riag.ri.gov
- S. Michael Levin, Esq.
  mlevin@wszlaw.com slevesque@wszlaw.com;presnik@mwe.com;skasten@mwe.com
- Thomas W. Lyons, III, Esq.
  tlyons@straussfactor.com
- Richard W. MacAdams, Esq.
  rmacadams@mandwlaw.com vburrus@mandwlaw.com
- Stephen J. MacGillivray, Esq.
  smacgillivray@eapdlaw.com
- John W. Mahoney, Esq.
  johnmahoney@amlawllp.com
- Donald J. Maroney, Esq.
  dmaroney@kkrs.com
- Joseph J. McGair, Esq.
  jjm@petrarcamcgair.com
- W. Thomas McGough, Jr., Esq.
  wmcgough@reedsmith.com
- Howard A. Merten, Esq.
  hm@psh.com slb@psh.com
- James T. Murphy, Esq.
  jtm@hansoncurran.com
- Robert T. Norton, Esq.
  rnorton@sloanewalsh.com
- William E. O'Gara, Esq.
  wogara@pld-law.com
- Mark Parsky, Esq.
  mep@mcveyparsky-law.com
- Stephen M. Prignano, Esq.
  sprignano@eapdlaw.com
- James H. Reilly, III, Esq.
  jreilly@kkrs.com
- Ronald J. Resmini, Esq.
  resminilaw@yahoo.com
- Steven M. Richard, Esq.
  srichard@nixonpeabody.com ProEfile@nixonpeabody.com
- Ian C. Ridlon, Esq.
  iridlon@burnslev.com
- Kristin E. Rodgers, Esq.
  ker@blishcavlaw.com
- Denean M. Russo, Esq.
  drusso@mandwlaw.com
- Deborah G. Solmor, Esq.
  dsolmor@skadden.com
- Rajaram Suryanarayan, Esq.
  rsury@gunninglafazia.com

- Henry M. Swan, Esq.
  hms@dksblaw.com
- Andrew J. Trevelise, Esq.
  atrevelise@reedsmith.com
- T. Dos Urbanski, Esq.
  durbanski@melicklaw.com
- Benjamin V. White, III, Esq.
- bwhite@vetterandwhite.com
- David A. Wollin, Esq.
  dwollin@apslaw.com

The following individuals received this document via conventional e-mail:

Stephanie DiMaio Larivee, Esq.
fonia@msn.com

Christopher C Fallon Jr., Esq.
cfallon@cozen.com

Howard Julian, Esq.
sohohomes@yahoo.com

Edwin F. McPherson, Esq.
emcpherson@m-klaw.com

James J. Restivo, Esq.
jrestivo@reedsmith.com

Scott J. Tucker, Esq.
stucker@ths-law.com

/s/
David E. Maglio, Esq., R.I. Reg. No. 3459

h:\clients\station fire\kingsley\knight entities\knight answer to kingsley